## Case No. 16,693.

### UNITED STATES v. WILCOX.

[4 Blatchf. 393.] 1

Circuit Court, N. D. New York.  Oct., 1859.

SUBORNATION OF PERJURY—INDICTMENT—NECESSARY AVERMENTS.

An indictment for subornation of perjury, under section 13, Act March 3, 1825 (4 Stat. 118), averred that the defendant did feloniously, knowingly, and willingly procure B. to swear falsely, in the taking of an oath, &c., but did not aver that B. knowingly and willingly swore falsely. Held, on demurrer, that the indictment was bad.

[Cited in People v. Ross (Cal.) 37 Pac. 379.]

This was a demurrer to an indictment [against Morris Wilcox] for subornation of perjury, founded upon the 13th section of the act of congress approved March 3, 1825 (4 Stat. 118), which provides, that "if any person, in any case, matter, hearing, or other proceeding, when an oath or affirmation shall be required to be taken or administered under or by any law or laws of the United States, shall, upon the taking of such oath or affirmation, knowingly and willingly swear or affirm falsely, every person, so offending, shall be deemed guilty of perjury, and shall, on conviction thereof, be punished by a fine not exceeding two thousand dollars, and by imprisonment and confinement to hard labor not exceeding five years, according to the aggravation of the offence; and, if any person or persons shall knowingly or willingly procure any such perjury to be committed, any person so offending shall be deemed guilty of subornation of perjury, and shall, on conviction thereof, be punished by fine not exceeding two thousand dollars, and by imprisonment and confinement to hard labor not exceeding five years, according to the aggravation of the offence."

HALL, District Judge. The indictment contains twelve counts, but they are substantially in the same form, and the objections urged apply with equal force to all of them.

1. It was insisted, that the act of swearing falsely, as set forth in the indictment, is not a crime under the laws of the United States. This objection is, I think, well founded. The indictment alleges, that the defendant did feloniously, knowingly, and willingly procure David C. Besse and Wakeman R. Titus to swear falsely, in the taking of an oath, &c., but it does not allege that

---

1 [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

Besse and Titus, or either of them, did "knowingly and willingly swear or affirm falsely," in the taking of such oath; and, unless they did so, the case is not within the statute. The indictment alleges, that the defendant knew that the statement which Besse and Titus swore to was false, but it does not at all allege that they knew it to be false, or that they willingly, knowingly, or corruptly swore falsely. This is clearly a fatal defect.

2. It was, also, insisted, that the indictment does not show that the oath alleged to be false was taken in a case, matter, hearing, or proceeding where an oath or affirmation was required under any law of the United States, or that it was procured or made for the purpose of being used in any such proceeding. I am inclined to think that this objection also is well taken, but, as the defect first noticed is clearly fatal, it is unnecessary to express any very decided opinion upon any other objection.