TERRITORY OF ARIZONA, Respondent, *v.* JOHN DO, Appellant.

Where Indictment Describes Accused as "John Do, a Yuma Mohave Indian, whose true name is to the grand jury unknown," and the verdict set out in the transcript reads: "We, the jury, find the defendant *Que Cha Ca* guilty of murder as charged in the indictment," and there is nothing in the record to connect the party charged with the person against whom the verdict was rendered and judgment pronounced, the supreme court can not affirm the judgment of the lower court.

Indictment Which Charges Commission of Homicide "near Town of Arizona City, in said county of Yuma, and territory of Arizona," does not charge the offense to have been committed at a place within the jurisdiction of the court with the accuracy and certainty required in criminal procedure.

Appeal from the district court of the second judicial district, county of Yuma. The opinion states the case.

By Court, TWEED, J.:

The defendant was convicted in the district court for the county of Yuma, at a term of that court held in November, 1871, of the crime of murder. The appeal is from the judgment. No exceptions seem to have been taken to any of the proceedings, and no motion made for a new trial. The transcript certified by the clerk contains a copy of the indictment, what purports to be the substance of the evidence on the trial, the verdict of the jury, and the judgment and sentence of the court, with some brief and very unsatisfactory memoranda of the minutes of the proceedings.

The indictment describes the accused as "John Do, a Yuma Mohave Indian, whose true name is to the grand jury unknown," etc. There is nothing in the record showing that upon the arraignment, or at any subsequent period, the true name of the accused was discovered, nor any order of the court that the proceedings should be continued against him by any other name. The verdict of the jury, however, is against one Que Cha Ca. The verdict, as it is set out in the transcript, reads as follows: "We, the jury, find the defendant Que Cha Ca guilty of murder as charged in the indictment."

All the proceedings subsequent to the verdict, including the judgment and sentence of the court, refer to and designate the accused by the name given in the verdict. Perhaps the full minutes of the trial would show that the name Que Cha Ca was properly substituted for that of John Do; but as the record comes to us, there is nothing to connect the party charged with the person against whom the verdict was rendered and judgment pronounced. No judgment affirming that of the district court could be entered by us upon such a record. But we pass to the consideration of an objection to the sufficiency of the indictment. It charges "that John Do, a Yuma Mohave Indian, whose true name is to the grand jury unknown, yeoman, late of the county of Yuma and territory of Arizona, on the twenty-first day of September, A. D. 1871, near the town of Arizona City, in said county of Yuma and territory of Arizona, with force and arms," etc.

If there is uncertainty in the portion of the indictment quoted as to the place where the homicide was committed,

whether in the county of Yuma or elsewhere, such uncertainty is nowhere in any other part of the indictment cured. Is there such uncertainty? We are compelled to the conclusion that there is, and that the clause quoted from the indictment may be strictly and literally true, and yet the homicide may have been committed on the side of the Colorado river opposite Arizona City, and in the state of California. We may err in this, but it seems to us that the indictment does not charge the offense to have been committed at a place within the jurisdiction of the court with the accuracy and certainty required in criminal procedure, and by the fourth subdivision of section 222 of proceedings in criminal cases. Comp. Laws, 123.

The judgment is reversed, and cause remanded for proceedings upon a sufficient indictment.

Titus, C. J., and Reavis, J., concurred.