[No. 20821.   In Bank. — December 12, 1891.]

THE PEOPLE, RESPONDENT, *v.* WONG WANG, APPELLANT.

CENSUS — FILING OF RETURNS — JUDICIAL NOTICE. — The court will take judicial notice of the filing of the state census returns with the secretary of state at the date of their filing, and that the returns establish the enumeration as of the date of the commencement of the census.

ID. — POPULATION OF CITY — QUESTION OF FACT — POLICE COURTS — EXCLUSIVE JURISDICTION. — The exclusive jurisdiction vested by the act of March 18, 1885, in police courts, over misdemeanors committed in cities having thirty thousand and under one hundred thousand inhabitants,

| 92  | 277 |
| d105 | 510 |
| 92  | 277 |
| 133 | 624 |

depends upon the fact that the city has the specified number of inhabitants, and not upon any report or proclamation of that fact.

CRIMINAL LAW — CHINESE POOL — JURISDICTION OF OFFENSE — POLICE COURT OF LOS ANGELES — SUPERIOR COURT — INFORMATION. — The police court of the city of Los Angeles has exclusive jurisdiction over the offense of conducting the gambling game known as "Chinese pool," if committed in that city; and an information in the superior court of Los Angeles County which alleges the commission of such offense in that county, but does not state whether the offense was committed within or without the corporate limits of the city, is insufficient to show jurisdiction in the superior court.

ID. — PLEADING — AFFIRMATIVE SHOWING OF JURISDICTION — PLACE OF OFFENSE. — An information or indictment must show affirmatively that the offense was committed within the jurisdiction of the court; and where the jurisdiction in any case extends over less space than the county, a mere allegation that the offense was committed within the county is insufficient; the place of the offense must be set out with such particularity as to show jurisdiction in the court.

ID. — ARREST OF JUDGMENT. — Where the information or indictment does not allege facts affirmatively showing jurisdiction of the offense, and its allegations are consistent with the fact that the offense was committed outside of the jurisdiction of the court; a motion in arrest of judgment should be granted, and the action dismissed.

CONSTRUCTION OF PLEADING — AMBIGUOUS LANGUAGE. — Where the language of a pleading is ambiguous, the pleading is to be taken most strongly against the pleader.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from orders denying a motion in arrest of judgment, and denying a new trial.

The facts are stated in the opinion of the court.

*Willis & Appel*, for Appellant.

*Attorney-General Hart*, and *Deputy Attorney-General Layson*, for Respondent.

SHARPSTEIN, J. — Appellant was tried and convicted in the superior court of Los Angeles County upon an information charging him with having, on the eighteenth day of October, 1890, at the county of Los Angeles, willfully and unlawfully opened, carried on, and conducted a certain gambling game commonly known as Chinese pool; said gambling game being then and there a percentage game played for money, by means of and with certain devices, to wit, a billiard-table, a board, a billiard ball and cue.

After appellant's motion for a new trial had been over-ruled, he made a motion in arrest of judgment, one of the grounds of which was, that the court had no juris-dction of the offense charged in the information.

The information alleges that the offense was com-mitted in the county of Los Angeles. That county em-braces, with other territory, the city of Los Angeles. The offense charged is a misdemeanor punishable by imprisonment, and therefore the police court, if any there was, of the city of Los Angeles, if the offense was committed in said city, had jurisdiction of the offense.

Was there a police court in said city on the eighteenth day of October, 1890, the alleged date of the commis-sion of the offense?

The act of March 18, 1885, entitled "An act to pro-vide for police courts in cities having thirty thousand and under one hundred thousand inhabitants, and to provide for officers thereof," provides that "the judicial power of every city having thirty thousand and under one hundred thousand inhabitants shall be vested in a police court to be held therein by the city justices, or one of them, to be designated by the mayor"; and it is made the duty of said city justices to hold said police court, and exclusive jurisdiction of all misdemeanors punishable by fine or imprisonment, or both, is con-ferred by said act upon said police court.

Does this act apply to the city of Los Angeles? Did it have thirty thousand and under one hundred thou-sand inhabitants?

The act of Congress entitled "An act to provide for taking the eleventh and subsequent censuses, approved March 1, 1889," provides "that the enumeration re-quired by this act shall commence on the first Monday of June, 1890, and be taken as of that date." And it is further provided that each enumerator shall compute the enumeration of his district and prepare the returns required to be made on or before the first day of July, 1890. We know that the enumeration so made estab-lished that the city of Los Angeles had a population of

more than thirty thousand and less than one hundred thousand inhabitants on the first Monday of June, 1890. Courts take judicial notice of "public and private official acts of the legislative, executive, and judicial departments of this state and of the United States." (Code Civ. Proc., sec. 1875.)   In *Worcester Nat. Bank* v. *Cheney*, 94 Ill. 430, the court said: "We must take judicial notice that, by the census of 1870, Greene County contains a population exceeding twenty thousand inhabitants and not exceeding seventy thousand, and therefore, according to the classification adopted, belonged to the second class."   In *People* v. *Williams*, 64 Cal. 87, it was contended, among other things, that the court erred in admitting in evidence a certificate of the superintendent of the census to prove the population of the county of Santa Barbara.   The court held there was no error in admitting said certificate, and said: "But if this is not so, the court below and this court can take judicial notice of the results of such census."   (Citing Code Civ. Proc., sec. 1875.)

The exclusive jurisdiction of the police court over certain public offenses committed in a city having thirty thousand and under one hundred thousand inhabitants depends upon the fact of its having the specified number of inhabitants, and not upon any report or proclamation of the fact.   The attorney-general states that the "census returns" for California were filed with the secretary of state of California, January 13, 1891.   That was eighteen days before the court overruled the motion in arrest of judgment; and if the court took judicial notice of the filing of those returns at the date of their filing, it must be held to have had judicial notice that on the first Monday of June, 1890, the city of Los Angeles had thirty thousand and under one hundred thousand inhabitants, and that the police court of said city from and after that date had exclusive jurisdiction of the offense with which appellant was charged.

It is not alleged in the information that the offense was committed within the corporate limits of the city of

Los Angeles, nor is it alleged that it was committed outside of these limits. To give the superior court jurisdiction, the information should show that the offense was committed within the jurisdiction of that court. The information in this case does not show that fact. The offense may have been committed within the county of Los Angeles, and yet without the jurisdiction of the superior court. It is a familiar and well-settled principle of law that the indictment must allege that the offense was committed within the jurisdiction of the court. (1 Chitty's Crim. Law, 131; *McBride* v. *State*, 10 Humph. 615.) Bishop says: "If the jurisdiction of the court extends over less space than the county, a mere allegation that the offense was committed within the county is insufficient; because in spite of what is thus disclosed, the tribunal may be without jurisdiction. For the doctrine is general, that the place of the offense must be so set out as to show jurisdiction in the court." (1 Bishop's Crim. Proc., 375.)

The allegation of the information that the offense was committed in the county of Los Angeles is consistent with the fact that it was committed in the city of Los Angeles. The rule is, that, where the language is ambiguous, a pleading is to be taken most strongly against the pleader.

The court erred in overruling appellant's motion in arrest of judgment, and for that reason the judgment is reversed, and the court below directed to dismiss the action, and discharge appellant.

BEATTY, C. J., GAROUTTE, J., HARRISON, J., and MCFARLAND, J., concurred.

PATERSON J., concurring. — I concur in the judgment. I do not think the census is complete, so far as the classification of cities is concerned, until the complete returns are filed in the office of the superintendent at Washington. (*Ex parte Halstead*, 89 Cal. 471.)

DE HAVEN, J., concurred in the judgment.