[No 21054.   Department One.—July 26, 1894.]

## THE PEOPLE, RESPONDENT, *v.* A. J. ROSS, APPELLANT.

CRIMINAL LAW—SUBORNATION OF PERJURY—INFORMATION.—An information seeking to charge a defendant with subornation of perjury must state all the essential elements constituting the crime of perjury, and an information falling short of this requirement does not state a public offense.

ID.—MATERIALITY OF ISSUE.—It is necessary in such information not only to show that the issue upon which the false testimony was given was material, but also to show that the evidence of the suborned witness was material to that issue, either by direct averment, or by stating evidence given by the witness, which the court can judicially see was material.

ID.—OATH MUST BE WILLFULLY FALSE—KNOWLEDGE OF SUBORNER.—An information for subornation of perjury merely charging that the witness did falsely and contrary to her oath give certain alleged false testimony, but not alleging that the witness willfully or knowingly swore to what was false, does not charge perjury; and it is essential that the indictment should not only aver that the statements made by the witness were false in fact, and that he knew them to be false, but should also aver that the party procuring him to make those statements knew that they would be intentionally and willfully false on the part of the witness.

ID.—SUBSTANTIAL DEFECTS IN INFORMATION—WAIVER—ARREST OF JUDGMENT.—Substantial defects in an information are not waived by failure to demur, and are ground for a motion in arrest of judgment.

APPEAL from a judgment of the Superior Court of San Joaquin County, and from an order denying a motion in arrest of judgment.

The facts are stated in the opinion of the court.

*A. F. Scanlan, Nicol & Orr,* and *Swinnerton & Rutherford,* for Appellant.

An information for subornation of perjury must allege all the elements constituting perjury; and must allege that the evidence was willfully false, and that the suborner knew that the witness knew it to be false. (2 Bishop's Criminal Procedure, secs. 1020, 1021; *United States* v. *Wilcox,* 4 Blatchf. 393; *United States* v. *Evans,* 2 West Coast Rep. 611; *United States* v. *Dennee,* 3 Woods, 39; *Coyne* v. *People,* 124 Ill. 17; 7 Am. St. Rep. 324.)

*Attorney General W. H. H. Hart,* and *Deputy Attorney General Charles H. Jackson,* for Respondent.

VAN FLEET, J.—The information in this case does not state a public offense. The crime with which it seeks to charge defendant is subornation of perjury, and it is well established that to constitute this offense all the essential elements constituting the crime of perjury must be stated. (2 Bishop's Criminal Procedure, secs. 1020, 1021; *United States* v. *Wilcox,* 4 Blatchf. 393; *Coyne* v. *People,* 124 Ill. 17; 7 Am. St. Rep. 324; *United States* v. *Evans,* 2 West Coast Rep., 611; *United States* v. *Dennee,* 3 Woods, 39.) In several essentials the information falls short of this requirement. It is lengthy and somewhat confused, and contains much redundant matter and many immaterial recitals and repetitions, but the substance of the charge is that in a contest in the superior court of San Joaquin county, of the will of one Joseph McKenney, deceased, in which Isabella McKenney was contestant, the defendant, Ross, in the interest of said contestant, and for the purpose and end of having her declared and adjudged the widow of said deceased, and entitled to share in his estate, procured one Ida Maud Nicholaus to appear as a witness at the trial, and falsely swear on behalf of said contestant, Isabella McKenney, that she, said Ida Maud Nicholaus was married to the said Joseph McKenney in his lifetime, and was then at the time of said trial the widow of said deceased. From this it sufficiently appears, perhaps, that the issue upon which the false testimony was given was material, but it is nowhere alleged that the evidence of the suborned witness was material to that issue; nor is that fact made manifest from the evidence alleged to have been given. In one form or the other this fact must be made to appear—either by direct averment or by stating evidence given by the witness, which the court can judicially say was material. (*People* v. *Brilliant,* 58 Cal. 218; 2 Bishop's Criminal Procedure, sec. 921; *Commonwealth* v. *Pollard,* 12 Met. 225; *Hoch* v.

*People*, 3 Mich. 554.) How can we say that the false testimony here alleged was necessarily material? It is alleged that defendant procured the witness to falsely testify that she, the witness, was the widow of the deceased, McKenney, for the purpose of establishing the fact that *Isabella McKenney* was the widow of the deceased. This testimony would not have any neces- sary tendency to prove that fact, and if not it would not be necessarily material. If the fact had been alleged, which appears elsewhere in the record, that Ida Maud Nicholaus and Isabella McKenney, the contestant, were one and the same person, the materiality of the evi- dence might be apparent on the face of the pleading; but there being no such averment, that fact cannot be regarded in testing the sufficiency of the information.

After alleging the administration of the oath to the witness, the information then proceeds, "and said Ida Maud Nicholaus did then and there," etc., "*falsely* and *contrary to her oath,* depose, swear, testify, state" etc. reciting the alleged false testimony. This language does not charge perjury. It is not the equivalent of saying that the witness *willfully* or *knowingly* did the act. To say that a witness testified falsely does not necessarily imply that he did it willfully or knowingly; and saying that he so testified contrary to his oath is merely to say in another form that he testified falsely. The language of the statute is "*willfully,* and contrary to such oath, states as true any material matter which he *knows to be false.*" (Pen. Code, sec. 118.) This or language of like import must be employed to satisfy the statute. (*United States* v. *Evans,* 2 West Coast Rep. 611; *People* v. *Parsons,* 6 Cal. 487.)

It is further alleged that at the time of said procure- ment "he, the said A. J. Ross, well knew that the said Ida Maud Nicholaus would not give her evidence accord- ing to the truth, and that the said evidence so to be given by her was false, feigned, and altogether ficti- tious"; but it is not alleged that at the time of said pro- curement or the giving of said false testimony the

defendant knew that the *witness* was aware of the falsity. of her evidence. This averment was essential. The rule and its reason are well stated in *United States* v. *Evans,* 2 West Coast Rep. 611, where it is said: "To sustain an indictment for procuring a person to commit perjury it is obviously necessary that perjury has in fact been committed. It cannot be committed unless the person taking the oath not only swears to what was false, but does so willfully and knowingly. He who procures another to commit perjury must not only know that the statements to be sworn to are false, but also that the person who is to swear to them knew them to be false, for unless the witness has that knowledge the intent to swear falsely is wanting, and he commits no perjury.

" It is, therefore, essential that the indictment should aver not only that the statements made by the witness were false in fact, and that he knew them to be false, but also that the party procuring him to make those statements knew that they would be intentionally and willfully false on the part of the witness, and thus the crime of perjury would be committed by him."

The several defects in the information above pointed out, being matters of substance and not of form, were not waived by failure to demur (Pen. Code, secs. 1004, 1012, 1185); and being fatal to its sufficiency the defendant's motion in arrest of judgment should have been granted.

Judgment and order reversed and cause remanded, with directions to the lower court to arrest its judgment.

HARRISON, J., and GAROUTTE, J., concurred.