[Crim. No. 767.   Department Two. — August 10, 1901.]

## THE PEOPLE, Respondent, v. EDWARD WEBBER, Appellant.

CRIMINAL LAW — BURGLARY IN RAILROAD CAR — INFORMATION — VENUE NOT AVERRED — JURISDICTION — ARREST OF JUDGMENT. — An information charging the defendant with burglary, committed by entering a Southern Pacific railroad car and train with intent to commit larceny, "said car and train, at the time aforesaid, being in the prosecution of its trip, and said Solano County, at·said time, being a county through which said train passed in the course of its trip," does not allege that the offense was committed in Solano County or in the state of California, and shows no jurisdiction of that county over the offense. The objection to such information may be made by a motion in arrest of judgment, although no demurrer was interposed.

APPEAL from a judgment of the Superior Court of Solano County.   A. J. Buckles, Judge.

The facts are stated in the opinion.

Paul C. Harlan, and O. R. Coglan, for Appellant.

Frank R. Devlin, District Attorney, Tirey L. Ford, Attorney-General, and A. A. Moore, Jr., Deputy Attorney-General, for Respondent.

SMITH, C.—The defendant was convicted of the crime of burglary in the second degree, and appeals from the judgment. A motion was made in arrest of judgment, on the grounds that the information fails to show that the offense charged was committed in the county of Solano (where the information was filed) or in the state of California, and that the facts alleged do not constitute a public offense.   The motion was denied by the court.   The propriety of this ruling is the sole question presented by the appeal.

The only allegations of the information bearing on this point are, that, on the day named, the defendant and another "did feloniously and burglariously enter a certain car and train owned by the Southern Pacific Company (a corporation), said car and train, at the time aforesaid, being in the prosecution of its trip, and said Solano County, at said time, being a county

through which said car and train passed in the course of said trip, with the felonious intent then and there, and in said car and train, to commit the crime of larceny," etc. These allegations, it is obvious, do not allege, either expressly or by implication, that the offense charged was committed either in the county of Solano, the place of the information,—as would ordinarily be necessary,—or in the state of California, as required by section 783 of the Penal Code; and the information must therefore be held to be insufficient. (*People* v. *Wong Wang*, 92 Cal. 281, and authorities cited.) The decision in *People* v. *Moore*, 103 Cal. 510, does not conflict with this conclusion. That case was decided on the ground that the information "sufficiently avers the offense to have been committed in Kern County"; which, by reference to the information, appears to have been the case.

The contention of the prosecution, that there was no demurrer, and that the objections made to the information could not be made on motion in arrest of judgment, is untenable. (Pen. Code, secs. 1004, 1012.) The objection to the information is, "that the court has no jurisdiction of the offense charged therein" (Pen. Code, sec. 1004, subd. 1), and also, in effect, "that the facts stated do not constitute a public offense" (Pen. Code, sec. 1004, subd. 4); for it does not appear from the information that the offense was committed within the state, and if committed elsewhere, it would not be a public offense, under our laws.

I advise that the judgment be reversed.

Gray, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed.        Temple, J., McFarland, J., Henshaw, J.