[Crim. No. 300.    Third Appellate District.—April 18, 1917.]

## THE PEOPLE, Respondent, v. E. K. WAKAO and M. ISHIHASHI, Appellants.

CRIMINAL LIBEL—INFORMATION—VENUE.—In view of the provisions of section 9 of article I of the constitution that all criminal prosecutions for libels, indictments found, or information laid for publications in newspapers, shall be tried in the county where such newspapers have their publication office, or in the county where the party alleged to be libeled resided at the time of the alleged publication, an information laid in a county other than that wherein the newspaper was published must allege that the party libeled resided in the county in which the action was brought in order to give the court jurisdiction of the offense.

ID.—RESIDENCE OF COMPLAINING WITNESS—KNOWLEDGE OF DISTRICT ATTORNEY.—In a prosecution for criminal libel the district attorney is presumed to know the residence of the complaining witness, and the defendant is not charged with such knowledge.

APPEAL from a judgment of the Superior Court of Sacramento County, and from an order denying a new trial. Malcolm C. Glenn, Judge.

The facts are stated in the opinion of the court.

R. P. Henshall, and R. B. McMillin, for Appellants.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

CHIPMAN, P. J.—This is an action in which defendants were accused, by information laid in Sacramento County, of the crime of libel, as follows: "That the said E. K. Wakao and M. Ishihashi on the —— day of December, 1915, in the County of Sacramento, in the said State of California, and before the filing of this information, did then and there willfully, unlawfully and maliciously and with intent thereby to injury (injure?) and defame one Risaburo Hattori and to impeach his honesty and integrity and virtue and reputation and to expose him, the said Risaburo Hattori, to public hatred and contempt and ridicule, did compose, print, and publish in a certain newspaper called 'The Central California Times,' printed and published in the County of Fresno, State of

California, and circulated therein and which said newspaper was then and there circulated and published in the County of Sacramento, State of California, certain false, scandalous, malicious, defamatory and libelous words of, and concerning the said Risaburo Hattori, in the Japanese language, as follows, to wit: [Then follows a photographic copy of the newspaper article and its alleged translation.] Contrary to the form, force and effect of the statute,'' etc.

The jury returned a verdict of guilty as charged. Defendants moved for a new trial on statutory grounds, and also moved in arrest of judgment on the ground that the court ''has not and never had any jurisdiction of the offense charged in the information.'' The motions were denied, whereupon defendants were sentenced to imprisonment for the period of one year each in the county jail. They appeal from the judgment and order denying their motion for a new trial.

The principal point now urged for a reversal of the judgment is that the court was without jurisdiction, and the contention is based upon the failure of the information to allege that Hattori, the person alleged to have been libeled, resided in Sacramento County at the time said newspaper was circulated therein.

Section 9 of article I of the constitution of the state provides that in all criminal prosecutions for libels, ''indictments found, or information laid, for publication in newspapers shall be tried in the county where such newspapers have their publication office, or in the county where the party alleged to be libeled resided at the time of the alleged publication, unless the place of trial shall be changed for good cause.''

The interpretation put upon this provision of the constitution by the attorney-general is that ''it was intended to give defendant a defense in the event the offense was prosecuted in any other county than Fresno or Sacramento''; that it ''does not prescribe a rule of pleading, but merely shows a rule of defense,'' and hence it was not necessary to allege in the information that Hattori, the person libeled, was, at the time the libel was circulated in Sacramento County, a resident therein. If this be true, it would be equally true that had the information been laid in Fresno County it would not have been necessary to allege that the newspaper mentioned had its ''publication office'' in that county. That is to say—the information charging the publication of the offensive article

to have been made in a newspaper in the county where the information is laid need not state that the newspaper had its publication office in that county; nor, if the information is laid in another county, need it state that the complainant resided in such county. We cannot assent that an information constructed on such interpretation of the constitution would be sufficient.

Under the constitution of 1849 such prosecutions could be made in any county in the state where the newspaper was circulated. It was said in *Older* v. *Superior Court,* 157 Cal. 770, [109 Pac. 478]: "The prior evil especially intended to be remedied was the danger of prosecution in any county where the libel was circulated, with power to select any judge in the state. This evil was remedied by limiting the venue to two counties only, that of the place of publication, and that of the residence of the complainant."

Venue means place of trial and place of trial means the jurisdiction of the court which, in the present case, is limited by the constitution to one of the two counties mentioned therein. The libelous article may be circulated in every other county in the state, but the superior court has no jurisdiction to bring the offender to trial in any of these counties, for the reason that the constitution has declared that jurisdiction resides only in the two counties specified. It seems to us that to confer this jurisdiction it is essential that the particular facts upon which it depends should be alleged.

It is a well-settled principle of law that the information or indictment must allege that the offense was committed within the jurisdiction of the court. (*People* v. *Wong Wang,* 92 Cal. 277, 281, [28 Pac. 270]); and this is the code rule. (Pen. Code, sec. 959.) That is, the information must allege facts from which jurisdiction will be made to appear. In the present case the jurisdiction depended upon the fact that the party libeled resided in Sacramento County, and this fact should have been alleged in the information.

In *Henderson* v. *Palmer Union Oil Co.,* 29 Cal. App. 451, [156 Pac. 65], it was held that jurisdiction to appoint a receiver, under section 565 of the Code of Civil Procedure, upon the dissolution of a corporation, resides alone in the county where the corporation carries on its business, or has its principal place of business; and that where an application based upon a verified complaint which failed to show that the county

in which the action was brought was the county in which the corporation had its principal place of business or carried on its business, the court was without jurisdiction to make the appointment.

The rule of pleading in criminal law should not be less exacting. It was held in *People* v. *Cohen,* 118 Cal. 74, [50 Pac. 20], that in an indictment for perjury it must be shown therein that the violated oath was administered by competent authority. In that case it was alleged that the oath was taken before a judge of the superior court sitting as a magistrate and was administered by the acting deputy county clerk. The judgment of conviction was reversed on the ground that the indictment failed to show competent authority to administer the oath for the reason that the judge sitting as a magistrate alone had such authority. The court said: "But, assuming that the magistrate may competently employ a clerk or other officer to perform this function, it is obvious that it should, to show authority in such officer, be alleged that the act was done at the direction of the magistrate. There is no such averment here except it be by mere inference or legal conclusion, and that is not sufficient. The fact being material, it must be directly averred to satisfy the rules of pleading, even in a civil action, and, *a fortiori,* in a criminal pleading."

In *People* v. *Terrill,* 127 Cal. 99, 100, [59 Pac. 836, 837], the court said: "It is an elementary principle of criminal law that the indictment or information must state that a crime has been committed, either by direct, positive averment in the language of the statute, or its equivalent, or by stating facts which show that such crime has been committed. In no case will the indictment be aided by imagination or presumption. The presumptions are all in favor of innocence and if facts stated may or may not constitute a crime the presumption is that no crime is charged." The rule was much discussed in *People* v. *Schmitz,* 7 Cal. App. 330, 365, [15 L. R. A. (N. S.) 717, 94 Pac. 407, 419], and see opinion of supreme court on petition for hearing in that court. Not only is it essential that a crime be charged, but it must also appear that the court has jurisdiction to hear and determine the case.

There are three cases reported in which the prosecution was at the residence of the complainant: *In re Kowalsky,* 73 Cal. 120, 124, [14 Pac. 399]; *People* v. *Miller,* 122 Cal. 84, [54 Pac. 523]; *Older* v. *Superior Court,* 157 Cal. 770, [109 Pac.

478] ; and in each case the residence of the party libeled was directly alleged to be in the county where the information was laid. The question at bar, therefore, was not involved. The Kowalsky and Older cases are cited by the attorney-general, but we find nothing in them to support his contention.

According to the theory of the prosecution the information would be sufficient· if silent as to the residence of the prosecuting witness, or the place where the newspaper has its publication office. Suppose an information thus framed were laid in a county where the publication office was not situated and where the complainant did not reside. Upon *habeas corpus* the defendant could not find relief against the warrant of arrest, since, on the attorney-general's theory, the information would be sufficient on its face. Defendant would be compelled to appear and answer or demur. His demurrer would not avail him for the same reason that his discharge on *habeas corpus* must be denied. To do the only thing open to him he must plead not·guilty. Obviously, to make out a case where the information is laid in a county other than that in which the newspaper has its publication office, the prosecution must prove that the complainant resided in such county at the time the alleged newspaper article was circulated therein. It is not for the defendant to make negative proof otherwise than to controvert such fact. The fact is to be established by the prosecution as an essential element of the power of the court to try the case. Otherwise the newspaper publisher is thrown back into the midst of the evil from the consequences of which the constitution was intended to protect him. True, he could not, in the case supposed, be legally convicted, but he could be put to the expense and annoyance of submitting to compulsory appearance in a county remote from the place of publication or remote from the residence of the complainant, whereas, if defendants' position be sound, as we think it is, he can have present and speedy relief by *habeas corpus* and the prosecution would be forced to seek the forum which the constitution has provided.

The district attorney is presumed to know the residence of the complaining witness. The defendant is not charged with such knowledge. The fact, as we have said, is essential to jurisdiction. Upon every principle or pleading this jurisdictional fact should be stated in the information.

Other questions are presented by the record, but as they may not arise, should there be a new trial, we refrain from noticing them.

The judgment and order are reversed.

Hart, J., and Burnett, J., concurred.