231 P.2d 424

**STATE v. SLATER.**
No. 7700.

Supreme Court of Idaho.
May 9, 1951.

336

Ray D. Agee, Twin Falls, for appellant.

Robert E. Smylie, Atty. Gen., J. R. Smead, Asst. Atty. Gen., Graydon W. Smith, Max G. Lloyd, Pros. Attys., Twin Falls, for respondent.

KEETON, Justice.

By an information filed on the 23rd day of January, 1950, thereafter amended by interlineation, appellant Clyde J. Slater was charged with the crime of grand larceny. The pertinent charging part of the information is as follows:

"Graydon W. Smith, Prosecuting Attorney * * * hereby and herein informs the said Court that Clyde J. Slater is accused of having committed a *felony* under the laws of the said State, to-wit:

"That the said Clyde J. Slater * * * did, on or about December 26, 1949, wilfully, wrongfully, knowingly, unlawfully and feloniously break into a 1949 Packard four-door sedan * * * the property of How-

ard Neikirk, and steal, take and carry away therefrom certain personal property * * * of the value of more than $60.00, to-wit: of the value of approximately $500.00 * * *." (Emphasis supplied.)

Appellant was tried and by verdict found guilty. Appellant filed a motion and amended motion in arrest of judgment in which he, among other grounds, challenged the jurisdiction of the court to try him, in that "it is not alleged, and does not appear, in or from said information, and cannot be understood therefrom, that the offense charged therein was committed within Twin Falls County, State of Idaho, * * * and it is not alleged, and does not appear, in or from said information, and cannot be understood therefrom, that the offense charged therein was committed within the state of Idaho, and * * * if said offense was committed outside of Twin Falls County, State of Idaho, the above entitled Court did not have jurisdiction to try said action * * * and does not now have jurisdiction to render or enter a judgment against the defendant", for which reasons the appellant claimed that the information did not charge any crime cognizable by the courts of the State.

The Court entered an order denying defendant's motion in arrest of judgment and imposed sentence.

Defendant appealed from the judgment of conviction.

Appellant assigns as error the failure of the court to sustain his motion in arrest of judgment for the reason that the information does not state facts sufficient to constitute a public offense, in that it does not allege that the offense charged was committed in the State of Idaho, or in Twin Falls County.

A reading of the information discloses that the locus criminis is nowhere charged.

Sec. 19–1418, I. C. covering sufficiency of indictments (applicable to informations) provides:

"The indictment is sufficient if it can be understood therefrom:

"1. * * *

"2. * * *

"3. * * *

"4. That the offense was committed at some place within the jurisdiction of the court, * * *".

The form of indictment or information set forth in Sec. 19–1410, I.C. provides a form for the date of the offense and the county or place in which the offense is alleged to have been committed.

Sec. 19–1409 provides:

"The indictment must contain:

"1. * * *.

"2. A statement of the acts constituting the offense in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended."

Sec. 19–1711, I.C.: "When the objections declared grounds of demurrer by this chap-

ter appear upon the face of the indictment, they can only be taken by demurrer, except that the *objections to the jurisdiction of the court* over the subject of the indictment, or that the facts stated do not constitute a public offense, *may be taken* at the trial under the plea of not guilty, or after the trial *in arrest of judgment.*" (Emphasis supplied.)

■ Where an information fails to allege that the offense charged was committed in the county where it is filed, or fails to allege that the offense was committed in the State of Idaho, it fails to state facts sufficient to confer jurisdiction upon the district court of the county in which it is filed to try the defendant, and a motion in arrest of judgment is a proper remedy and should be granted.

■ It is fundamental that jurisdiction to try a defendant and impose sentence is never waived, and may be raised at any time.

■ Thus it was stated in the case of People v. Wong Wang, 92 Cal. 277, 28 P. 270, 271: "* * * It is a familiar and well-settled principle of law that the indictment must allege that the offense was committed within the jurisdiction of the court."

In the case of People v. Webber, 133 Cal. 623, 66 P. 38, the Supreme Court of California held: "* * * Where an information does not show the alleged offense was committed in the state, a motion in arrest of judgment will lie, though the information is also demurrable." The statutes of California covering the subject matter are worded the same as the Idaho statutes.

That the question presented may be raised in the manner done here is supported by the following cases: State v. Sedam, 62 Idaho 26, 107 P.2d 1065; State v. Siepert, 38 Idaho 20, 225 P. 135; State v. Cole, 31 Idaho 603, 174 P. 131.

Supporting authorities from other jurisdictions are: People v. Wong Wang, supra; People v. Webber, supra; State v. Beeskove, 34 Mont. 41, 85 P. 376; People v. Wakao, 33 Cal.App. 454, 165 P. 720; 42 C. J.S., Indictments and Informations, § 121, p. 998; Territory v. Doe, 1 Ariz. 507, 25 P. 472; 27 Amer.Jur., p. 639, Sec. 76; Clark's Criminal Procedure, p. 245, Sec. 96; People v. Craig, 59 Cal. 370; People v. Ross, 103 Cal. 425, 37 P. 379.

The question here is one of substance and not of form. It is not waived by failure to demur, being fatal to the sufficiency of the information. People v. Ross, 103 Cal. 425, 37 P. 379.

Because of what has been said and the view above expressed, other assignments of error need not, and will not be discussed or decided.

■ The judgment of conviction is therefore reversed with instructions to the trial court to set the judgment aside, and sustain the appellant's motion in arrest of judgment.

GIVENS, C. J., and PORTER, TAYLOR and THOMAS, JJ., concur.