429 P.2d 425

**STATE of Idaho, Plaintiff-Respondent,**

**v.**

**Phillip MOWREY, Defendant-Appellant.**

**No. 9825.**

Supreme Court of Idaho.

June 29, 1967.

**694**

C. J. Hamilton, Coeur d'Alene, for appellant.

Allan G. Shepard, Atty. Gen., and William D. Collins, Asst. Atty. Gen., Boise, Everett Hofmeister, Jr., Sandpoint, for appellee.

SPEAR, Justice.

The entire information, except the caption, upon which the appellant was charged and tried in the district court is as follows:

"Comes now Everett D. Hofmeister, Prosecuting Attorney of Bonner County, State of Idaho, and for and on behalf of the people of the State of Idaho informs the Court as follows:

"That the defendant, Phillip Mowrey, has wrongfully omitted without lawful excuse to furnish moneys for necessary food, clothing, shelter or medical attendance for his child, Rhonda Lee Mowrey, a minor child under the age of 16 years dependant upon the said Defendant for care, support and education all of which is contrary to Idaho Code provision 18-401 and against the peace and dignity of the State of Idaho.

"That the Defendant was arrested and charged with the foregoing offense and received a preliminary Hearing before the Honorable Margaret N. Burns on Tuesday, May 25, 1965, and was bound over to the District Court herein pursuant thereto.

"DATED this 30th day of June, 1965.
"/s/ Everett D. Hofmeister
EVERETT D. HOFMEISTER
Prosecuting Attorney
Bonner County, Idaho

"States witnesses known at the time of filing this information:

Dixie Mowrey"

After a trial by jury the defendant was convicted and judgment entered sentencing him to the state penitentiary at hard labor for a period not to exceed two years. From this judgment this appeal was taken.

Appellant sets forth three specifications of error, none of which are material to the disposition of this cause on appeal, for at the time of oral argument the court called to the attention of the respective attorneys the fact that the *locus criminis* of the alleged offense had not been pleaded by the State in the information hereinbefore quoted. The court then granted counsel ten days, respectively, within which to file briefs concerning the legal effect of the failure to allege venue in the information.

The State waived its right to file a supplemental brief on this question, but a brief was regularly filed on behalf of appellant.

I.C. § 19-1418 provides, in part, as follows:

"The indictment is sufficient if it can be understood therefrom:

\* \* \* \* \* \*

"4. That the offense was committed at some place within the jurisdiction of the court, except where the act, though done without the local jurisdiction of the county, is triable therein."

I.C. § 19-1304 makes the provisions of the code in relation to indictments applicable, as near as may be, to informations and proceedings thereon.

Questions of venue in criminal cases are not merely matters of formal legal procedure, but raise deep issues of public policy in the light of which legislation must be construed; and where an information fails to allege that the offense was committed in the State of Idaho and within the jurisdiction of the court, it fails to state facts sufficient to confer jurisdiction upon the district court of the county in which it is filed to try the defendant. It is a familiar and well-settled principle of law that the indictment must allege that the offense was committed within the jurisdiction of the court. State v. Slater, 71 Idaho 335, 231 P.2d 424; State v. Webb, 76 Idaho 162, 279 P.2d 634; State v. Cole, 31 Idaho 603, 174 P. 131; 27 Am.Jur., Indictments and Informations, § 64, p. 628, and § 76, p. 639; 21 Am.Jur.2d, Criminal Law, § 398, pp. 415–16; United States v. Johnson, 323 U.S. 273, 65 S.Ct. 249, 89 L.Ed. 236 (Del.1944).

The general rule is that proceedings conducted, or decisions made, by a court are void where there is an absence of jurisdiction over the subject matter; and where lack of jurisdiction over the subject appears on the face of the record, an appellate court may, on its own initiative, dismiss the action. 20 Am.Jur.2d, Courts, § 97, pp. 457–58; Hopkins v. Barnhardt, 223 N.C. 617, 27 S.E.2d 644 (1943), in which the court stated:

> " 'When there is a defect of jurisdiction, or the complaint fails to state a cause of action, that is a defect upon the face of the record proper, of which the Supreme Court on appeal will take notice, and when such defects appear the Court will ex mero motu dismiss the action.' "

Ginn v. Parrish, 362 P.2d 824 (Wyo.1961); 5B C.J.S. Appeal & Error § 1926, pp. 432–433; Shawnee Sewerage & D. Co. v. Stearns, 220 U.S. 462, 31 S.Ct. 452, 55 L.Ed. 544 (Okl.1911), McGilvra v. Ross, 215 U.S. 70, 30 S.Ct. 27, 54 L.Ed. 95 (Wash.1909).

The controlling principle is aptly stated in Fortier v. Fortier, 23 Wash.2d 748, 162 P.2d 438 (1945), as follows:

> "* * * while this court has jurisdiction, procedurally, to entertain an appeal, it has no greater jurisdiction of the subject matter or the merits than had the trial court. If it were not so, then there would be no remedy for the pretended judgments of the lower courts in those cases in which affirmative judgment was rendered without jurisdiction. The duty of this court, upon reversing on such a case, would be to render such a judgment as the trial court should have rendered *it* (sic), which would be one dismissing the case."

Judgment of conviction reversed, appellant-defendant's sentence set aside, and the information dismissed for want of jurisdiction.

SMITH, McQUADE, and McFADDEN, JJ., and DONALDSON, D. J., concur.