843 P.2d 163

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Jason D. SPENCER, Defendant–Appellant.**

**No. 19854.**

Court of Appeals of Idaho.

Nov. 30, 1992.

---

**14**

Severt Swenson, Jr., of Swensen & Scoggin of Gooding, for defendant-appellant.

Larry EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

SWANSTROM, Judge.

Jason Spencer appeals from an order denying his request for leniency under I.C.R. 35. We affirm.

Spencer pled guilty to two counts of sexual abuse of a minor under the age of sixteen. I.C. § 18–1506. The court entered the judgments of conviction on March 30, 1990, and imposed a unified sentence of five years, with a three-year minimum period of confinement, for each count. The district court also ordered that Spencer serve these sentences consecutively. Spencer timely filed a Rule 35 motion on April 11, 1990, asking the court to correct the order of commitment to reflect the time he served in confinement prior to judgment, and also to grant leniency by modifying the sentences to have the terms run concurrently, rather than consecutively.[1] A year later, in April of 1991, the district judge entered an order directing the Board of Correction to prepare a report apprising the court of Spencer's progress while incarcerated. The Board sent a report four weeks later. On January 29, 1992, nearly two years after the entry of the judgments of conviction, the court held a hearing on Spencer's Rule 35 motion. The court ultimately entered an order giving Spencer credit for time already served, but it denied Spencer's request for leniency.

On appeal, Spencer asks that the district court's order on sentencing be modified to provide that his sentences run concurrently, instead of consecutively. He maintains that the consecutive nature of his sentences renders them excessive and therefore unreasonable. The state, on the other hand, asserts that the district judge lost jurisdiction to rule on Spencer's request, and that, in any case, the decision to make the sentences consecutive was not an abuse of discretion.

As the state acknowledges, Spencer's request to give him credit for time served was a request to correct an illegal sentence, which may be made at any time. *See* I.C. § 18–309; I.C.R. 35; *State v. Dorr,* 120 Idaho 441, 816 P.2d 998 (Ct.App. 1991); *State v. Rodriguez,* 119 Idaho 895, 811 P.2d 505 (Ct.App.1991). There is no question that the court had jurisdiction to entertain that portion of the motion. The state submits, however, that under our Supreme Court's recent decision in *State v. Chapman,* 121 Idaho 351, 825 P.2d 74 (1992), the two-year delay by the district court was unreasonable and deprived the court of jurisdiction to rule on Spencer's request for leniency. *See also State v. Fox,* 122 Idaho 550, 835 P.2d 1361 (Ct.App. 1992).

▮ Under the authority cited above, it would appear that the district court lost jurisdiction by the time it ruled on Spencer's motion. Even if it had not, however, and the judge was empowered to grant

---

**1.** We observe that the order of commitment erroneously states that Spencer was convicted of lewd conduct with a child. The order should be corrected to properly indicate that Spencer was convicted of two counts of sexual abuse of a minor under the age of sixteen.

Spencer's request for leniency, we nonetheless conclude that Spencer is not entitled to the relief he now seeks, for he has failed to demonstrate error in the court's decision to deny the motion on its merits. A motion to reduce an otherwise lawful sentence is addressed to the sound discretion of the sentencing court. *State v. Forde,* 113 Idaho 21, 740 P.2d 63 (Ct.App.1987). The criteria for examining rulings on such motions are the same as those applied in determining whether the original sentence was reasonable. *State v. Lopez,* 106 Idaho 447, 680 P.2d 869 (Ct.App.1984). If a sentence is not excessive when pronounced, the defendant must later show that it is excessive in view of new or additional information presented with the Rule 35 motion. If he or she fails to make this showing, we cannot say that denial of the motion by the district court represents an abuse of discretion. *State v. Morrison,* 119 Idaho 229, 804 P.2d 1360 (Ct.App.1991).

Spencer argues that the district court unduly focused on retribution when it ordered that he serve the sentences consecutively, rather than concurrently. He maintains that the paramount goal of protecting society would adequately be met if the sentences were concurrent, allowing him to be evaluated for parole after three years of confinement, instead of requiring him to wait the six to eight years required under the consecutive sentence structure.

A decision to impose consecutive sentences is authorized and made discretionary by statute, and it will not be disturbed on appeal absent a showing of abuse of that discretion. I.C. § 18-308; *State v. Dunnagan,* 101 Idaho 125, 609 P.2d 657 (1980); *State v. Elliott,* 121 Idaho 48, 822 P.2d 567 (Ct.App.1991); *State v. Lloyd,* 104 Idaho 397, 659 P.2d 151 (Ct.App. 1983). A sentence may represent an abuse of discretion if it is demonstrated to be unreasonable under the facts of the case. *State v. Nice,* 103 Idaho 89, 645 P.2d 323 (1982). In determining the reasonableness of a sentence, we look to the probable length of confinement. *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). Where, as here, the challenged sentence was imposed under the Unified Sentencing Act, we treat the total minimum period specified by the sentencing judge as the probable duration of confinement. I.C. § 19-2513; *State v. Sanchez,* 115 Idaho 776, 769 P.2d 1148 (Ct.App.1989); *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct. App.1982).

Under the sentences as structured by the district court in this case, Spencer will be incarcerated for a minimum of six years—the total of the two determinate portions of his sentences—before he is eligible for parole. We note that although Spencer's aggregate sentences total ten years, the maximum allowed by statute,[2] the district court could have made the sentences harsher still by imposing determinate terms of five years, instead of three years, in which case Spencer would have no chance for parole but would be required to complete all ten years of his sentences. I.C. § 18-308. In evaluating the reasonableness of Spencer's sentences, we employ the substantive sentencing criteria set out in *Toohill* and *Sanchez:* the protection of society, retribution, deterrence and rehabilitation. Under *Toohill,* a sentence longer than necessary to achieve these goals constitutes an abuse of discretion. We will examine Spencer's sentences, having regard for the nature of the offenses and the character of the offender. *See State v. Reinke,* 103 Idaho 771, 653 P.2d 1183 (Ct. App.1982).

Spencer originally was charged with five counts of lewd conduct involving five different children. Pursuant to a plea bargain, he admitted to allegations, contained in the amended information, that he placed his hand on the crotch area of two girls, ages six and seven, outside of their clothing, for the purpose of his own sexual gratification. A review of the record discloses that Spencer committed these offenses while baby sitting his brother's chil-

---

**2.** At the time the court sentenced Spencer, the crime of sexual abuse of a child under the age of sixteen carried a maximum penalty of five years. I.C. § 18-1506. *See* I.C. § 18-112 (general felony sentencing statute).

dren along with the children of a neighbor. According to the statements contained in the presentence investigation report (PSI), Spencer also threatened the victims with a rifle and, wielding a knife, chased some of the other children. He reportedly also forced one of the young boys to perform oral sex on him. According to the mother of the two neighbor children, the children continued to fear that Spencer would harm them for telling on him.

Regarding Spencer's character, the PSI reveals that he was twenty-one years old at the time of these crimes, and that, as a juvenile, he had committed sex offenses against young children in 1984. During his juvenile years he also admitted forgery and petit theft. The investigator describes Spencer as very immature for his age and remarks that Spencer has never had to suffer the consequences of his actions. It also appears that Spencer once was diagnosed as having mild mental retardation. However, no psychological evaluation was ordered or performed in this case.

In addition to the information contained in the PSI, the court heard testimony from Spencer's pastor, who frequently visited Spencer in jail. This witness reported a notable change in Spencer's attitude and maturation during the nine months of his incarceration preceding sentencing. He told the court that he and his wife were willing to take Spencer into their home and counsel him upon Spencer's release. Although the district court was appreciative of the pastor's faith in and generosity toward Spencer, it clearly was troubled that Spencer had molested children in the past, and it took a particularly stern view of Spencer's use of weapons to terrorize the children in the instant case. The transcript from the hearing plainly indicates that the court's overriding concern was with protecting others from Spencer's conduct in the future. Based on the record as it existed at the time of sentencing, we cannot say that the court's imposition of consecutive terms of confinement constituted an excessive sentence.

Nor do we deem the sentences excessive in view of the progress report from the Board of Correction and Spencer's own affidavit, which Spencer presented in conjunction with his Rule 35 motion. The progress report shows that Spencer was working toward his GED and that he had posed no problem as a correctional inmate, although he did receive two minor disciplinary offense reports. In his affidavit, Spencer states that he plans to finish his GED by the end of the determinate period of his first sentence, that he believes he could find employment upon release, and that he believes he will not re-offend in the future. This additional information, although somewhat favorable to Spencer, does not demonstrate that the imposition of consecutive sentences was unreasonable. We conclude, therefore, that Spencer has not shown that the district court's denial of his request for leniency was an abuse of discretion. Thus, on the merits of the Spencer's motion or on jurisdictional grounds, we must affirm the order denying relief under I.C.R. 35.

The order denying Spencer's request for leniency under Rule 35 is affirmed.

WALTERS, C.J., and SILAK, J., concur.