165 P.3d 294

STATE of Idaho, Plaintiff–Respondent,

v.

George SHUMWAY, Defendant–Appellant.

No. 32513.

Court of Appeals of Idaho.

July 18, 2007.

---

Molly J. Huskey, State Appellate Public Defender; Elizabeth A. Allred, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

LANSING, Judge.

George Shumway was charged with three counts of lewd conduct with a minor under sixteen. Pursuant to a plea agreement, he pled guilty to one count of lewd conduct and the other charges were dismissed. The district court imposed a unified thirty-year sentence with a twelve-year determinate term. Shumway filed a motion under Idaho Criminal Rule 35 for reduction of the sentence, which the district court denied. He now appeals the order denying his Rule 35 motion.

We begin with the State's assertion that this Court lacks appellate jurisdiction to even address Shumway's appeal. In the Idaho Supreme Court's recent opinion, *State v. Huffman,* 144 Idaho 201, 203, 159 P.3d 838, 840 (2007), the Court held that "[w]hen presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the Rule 35 motion." The Supreme Court further stated that an "appeal from denial of a Rule 35 motion cannot be used as a vehicle to review the underlying sentence absent the presentation of new evidence." *Id.* Citing to these statements in *Huffman,* and pointing out that Shumway presented no new evidence with his Rule 35 motion, the State argues that this Court has no jurisdiction to consider Shumway's argument that the sentence is excessive and should have been reduced on his motion.

The State's argument is without merit. The State does not identify whether it is challenging the Court's personal jurisdiction or subject matter jurisdiction, and cites no authority for the proposition that a court loses any type of jurisdiction in a criminal case merely because the defendant asks for relief that may not properly be granted. From the nature of the State's argument we presume the State intends to refer to subject matter jurisdiction. Such jurisdiction in criminal cases was recently discussed by the Idaho Supreme Court as follows:

Subject matter jurisdiction has been defined as the power to hear and determine cases. *Boughton v. Price,* 70 Idaho 243, 249, 215 P.2d 286, 289 (1950). Article 5, Section 20 of the Idaho Constitution provides that the district court shall have original jurisdiction in all cases, both at law and in equity. Idaho Code, § 1–705 grants the district court original jurisdiction in all cases and proceedings. "It is a familiar and well-settled principle of law that the indictment must allege that the

offense was committed within the jurisdiction of the court." *State v. Slater*, 71 Idaho 335, 338, 231 P.2d 424, 425 (1951). The information, indictment, or complaint alleging an offense was committed within the State of Idaho confers subject matter jurisdiction upon the court. *Slater*, 71 Idaho at 338, 231 P.2d at 425. *Accord, State v. Pyne*, 105 Idaho 427, 428, 670 P.2d 528, 529 (1983); *State v. Mowrey*, 91 Idaho 693, 695, 429 P.2d 425, 427 (1967). Subject matter jurisdiction to try a defendant and impose a sentence is never waived. *Slater*, 71 Idaho at 338, 231 P.2d at 425.

*State v. Rogers*, 140 Idaho 223, 228, 91 P.3d 1127, 1132 (2004). As this discussion makes clear, the Idaho courts acquired subject matter jurisdiction in this case when an indictment was filed charging Shumway with the commission of crimes in this state. The State's argument conflates the lack of merit in a motion or pleading or appeal with a lack of subject matter jurisdiction. The mere fact that it might be error for this Court to grant relief on the appeal from Shumway's Rule 35 motion because his motion was not supported with new evidence does not equate to a lack of subject matter jurisdiction. This Court possesses subject matter jurisdiction to address this appeal.

▇▇▇ Next, the State argues that the district court lost jurisdiction to consider the Rule 35 motion because the court waited thirty-six days after the motion was filed before acting upon it. The State correctly notes that if a trial court fails to rule upon a Rule 35 motion within a reasonable time after expiration of the 120–day period set forth in the rule,[1] the trial court loses jurisdiction. *State v. Chapman*, 121 Idaho 351, 354, 825 P.2d 74, 77 (1992). The Idaho Supreme Court explained that this requirement that the trial court act on a Rule 35 motion within a reasonable time is necessary to prevent the court from usurping the responsibilities of parole officials. *Id.* at 355, 825 P.2d at 78. In *State v. Spencer*, 123 Idaho 13, 843

P.2d 163 (Ct.App.1992), we held that the district court had lost jurisdiction by the time it ruled on the defendant's Rule 35 motion nearly two years after the motion was presented.

Similarly, in *State v. Maggard*, 126 Idaho 477, 886 P.2d 782 (Ct.App.1994), this Court held that the trial court had lost jurisdiction when it entered an order denying a Rule 35 motion eight months after the motion was filed, where the record revealed no justification for this delay. Because there was nothing in the record to show that either party had requested that the motion be held in abeyance, that the delay was necessitated by the court's schedule, that the delay was occasioned by the need to obtain more information, or that the extended period was otherwise necessary to decide the motion, we concluded that the eight-month delay was unreasonable under the principles expressed in *Chapman* forbidding an infringement on the authority held by the Commission of Pardons and Parole. *Maggard*, 126 Idaho at 479–80, 886 P.2d at 784–85.

More recently, in *State v. Parvin*, 137 Idaho 783, 53 P.3d 834 (Ct.App.2002), this Court held that the district court's delay of more than three months in reaching a decision on a Rule 35 motion caused the court to lose jurisdiction where the record revealed no reasons requiring an extended deliberative period, no requests to hold the decision in abeyance, and no indication of court scheduling difficulties that could explain the delay.

In this case, Shumway timely filed his motion on the 120th day after entry of judgment. The district court ruled on the motion thirty-six days after it was filed. The State presents no reasoned argument as to why a delay of as little as thirty-six days is an unreasonable period for disposition of the motion and cites no authority for such a proposition. We hold that the district court acted within a reasonable time and had not

---

1. Idaho Criminal Rule 35 provides in part: "The court will reduce a sentence within 120 days after the filing of a judgment of conviction or within 120 days after the court releases retained jurisdiction. The court may also reduce a sentence upon revocation of probation or upon motion made within fourteen (14) days after the filing of the order revoking probation. Motions to correct or modify sentences under this rule must be filed within 120 days of the entry of the judgment imposing sentence or order releasing retained jurisdiction and shall. . . ."

lost jurisdiction when it issued its order denying Shumway's Rule 35 motion.

Having disposed of the State's jurisdictional arguments, we proceed to the merits of the appeal. A motion for reduction of a sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Copenhaver,* 129 Idaho 494, 496, 927 P.2d 884, 886 (1996); *State v. Book,* 127 Idaho 352, 355, 900 P.2d 1363, 1366 (1995); *State v. Knighton,* 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee,* 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct.App.1989). Nevertheless, as discussed above, our Supreme Court has held that a defendant presenting a Rule 35 motion must submit new or additional information in support of the motion, and an appeal from the denial of a Rule 35 motion "cannot be used as a vehicle to review the underlying sentence absent the presentation of new evidence." *Huffman,* 144 Idaho at 203, 159 P.3d at 840. Accordingly, because Shumway presented no new or additional evidence in support of his motion, we will not review the reasonableness of the sentence nor disturb the district court's order denying the motion.

The order denying Shumway's Rule 35 motion is affirmed.

Chief Judge PERRY and Judge GUTIERREZ concur.