540 P.2d 270

**J. F. WHITE and Arthur D. Hall, Plaintiffs-Respondents,**

v.

**Charles MARTY and Harriet Marty, husband and wife, Defendants-Appellants.**

**No. 11681.**

Supreme Court of Idaho.

July 30, 1975.

Harlow J. McNamara, of Cox, Fanning, McNamara, Bowen, Idaho Falls, for defendants-appellants.

Kent W. Foster, of Holden, Holden, Kidwell, Hahn & Crapo, Idaho Falls, for plaintiffs-respondents.

McQUADE, Chief Justice.

This dispute concerns transportation of water across another's land. Respondents sought to condemn an easement, in the form of an existing irrigation ditch, across appellants' land. Respondents also sought compensation for damage to their crops allegedly caused when appellant, Charles Marty, filled in a ditch and respondents were thereby deprived of water for irrigation of their lands. The trial court condemned an easement through the Martys' property to carry water to respondents' lands, and assessed against appellants $2.00 actual damages and $1390.00 punitive damages, plus costs. We vacate the decree and judgment, holding that the trial magistrate did not have the requisite authority to try the case.

During May or early June 1973, a dispute arose between respondents and appellants over the use of a ditch to convey water through the Marty property to respondents' respective parcels to irrigate crops. Charles Marty proceeded to interfere with the flow of water going across his property to respondents' parcels. He contended that respondents' use of the ditch had caused flooding on appellants' property. After more controversy and a failure at attempted settlement of the dispute, Charles Marty filled in the ditch at the front of his property, stopping flow of water to respondents' respective parcels. Respondents commenced this action to condemn an easement for transportation of water to their respective lands.

The case was originally assigned to District Judge Boyd Thomas. Attorney Magistrate Black, however, presided at the pre-trial hearing. According to respondents, at that hearing Magistrate Black advised counsel he had been requested to try the case and asked if there were any objections. No objection was made. At the beginning of trial on the merits, and in the presence of their respective clients, counsel orally stipulated that the court would have jurisdiction to try the case and that the case would be heard as a district court case with direct appeal to this Court. Following trial, judgment was entered for the respondents.

Appellants urge two assignments of error: (1) The trial court had no jurisdiction to hear this case; and (2) the trial court erred in awarding punitive damages. We hold that Magistrate Black did not have the authority to try this case. We vacate the judgment for that reason. Therefore, we need not decide appellants' second assignment of error.

Chapter 11 of Title 42, Idaho Code, deals with ditch rights of way for the irrigation of land. I.C. § 42–1102 gives to landowners a right to an easement or right of way across the lands of others to supply irrigation water. If the landowner of an adjacent parcel refuses to allow such access for irrigation water, the owner of land may condemn a right-of-way under the law of eminent domain. I.C. § 42–1106.[1] The law of eminent domain is gov-

---

1. I.C. § 42–1106. *"Right of eminent domain.* —In case of the refusal of the owners or claimants of any lands, through which any ditch, canal or conduit is proposed to be made or constructed, to allow passage thereof, the person or persons desiring the right of way may proceed as in the law of eminent domain."

erned by I.C. § 7–701 *et seq.* I.C. § 7–706 provides that jurisdiction for actions for eminent domain is in the district court.[2]

Respondents argue that this case was commenced and proceedings were had in the district court. The amended complaint and summons and answer thereto were filed in the district court, and other initial proceedings were held under the auspices of the district court. The pretrial hearing, as ordered by the district court, was held before Attorney Magistrate William W. Black. The case was then set for trial before ". . . the Court (Hon. Wm W. Black) . . .", again at the order of the district court. Magistrate Black heard the case and entered findings of fact and conclusions of law and judgment.[3] The order denying appellants' motion for a new trial was denied by Magistrate Black as "Judge Pro Tempore."

I.C. § 1–2208 provides that subject to rules promulgated by this Court, the administrative judge or other designated district judge in each judicial district may assign certain enumerated cases to magistrates.[4] I.C. § 1–2210 further provides that this Court may by rule specify additional categories triable by magistrates and makes certain exceptions for cases that are to be assigned only to attorney magistrates.[5] This Court promulgated

---

2. I.C. § 7–706. *"Jurisdiction in district court —Commencement of proceedings.*—All proceedings under this chapter must be brought in the district court for the county in which the property is situated. They must be commenced by filing a complaint and issuing a summons thereon."

3. The Findings of Fact, Conclusions of Law and Judgment was signed by Magistrate Black, initially as "William W. Black, District Judge." At some point in time, "District" was crossed out and "Magistrate" and "(law)" added so that the signature line read: "William W. Black, Magistrate Judge (Law)."

4. I.C. § 1–2208: *"Assignment of cases to magistrates.*—Subject to rules promulgated by the Supreme Court, the administrative judge in each judicial district or any district judge in the district designated by him may assign to magistrates, severally, or by designation of office, or by class or category of cases, or in specific instances the following matters:
   (1) Civil proceedings as follows:
   (a) When the amount of money or damages or the value of personal property claimed does not exceed one thousand dollars ($1,000):
   (1) actions for the recovery of money only arising on contracts express or implied; actions for damages for injury to person, property or reputation or for taking or detaining personal property, or for fraud;
   (2) actions for rent and distress for rent;
   (3) actions for claim and delivery;
   (4) proceedings in attachment, garnishment, wage deductions for the benefit or creditors, trial or right of personal property and exemptions, and supplementary proceedings;
   (5) actions arising under the laws for the incorporation of cities or counties or any ordinance passed in pursuance thereof; actions for the confiscation or abatement of nuisances and the seizure, condemnation and forfeiture of personal property; proceedings in respect of estrays and lost property;
   (6) actions to collect taxes.
   (b) Proceedings in forcible entry, forcible detainer, and unlawful detainer; and,
   (c) Proceedings for the enforcement and foreclosure of common law and statutory liens of not to exceed one thousand dollars ($1,000) on real or personal property.
   (2) Proceedings in the probate of wills and administration of estates of decedents, minors and incompetents.
   (3) The following criminal and quasi-criminal proceedings:
   (a) Misdemeanor and quasi-criminal actions;
   (b) Proceedings to prevent the commission of crimes;
   (c) Proceedings pertaining to warrants for arrest or for searches and seizures; and,
   (d) Proceedings for the preliminary examination to determine probable cause, commitment prior to trial or the release on bail of persons charged with criminal offenses."

5. I.C. § 1–2210: *"Assignments restricted to magistrates who are attorneys.*—The Supreme Court by rule may specify additional categories of matters assignable to magistrates, except that the following matters may not be assigned to magistrates who are not attorneys:
   (a) civil actions in which the amount of money or damages or the value of property claimed exceeds $1,000, except as otherwise authorized by this act;

rules, which were in effect at the time of the trial of this case specifying the additional jurisdiction of magistrates,[6] and of attorney (law) magistrates in particular,[7] to try certain cases. We have examined the statutes and court rules as then applicable, and find no authority therein granting jurisdiction to magistrates to try eminent domain cases. Former Rule 25(a) did not grant jurisdiction to magistrates to try title to real property or adjudicate claims in eminent domain proceedings. Magis-

trate Black was acting in excess of his defined power and authority as a magistrate when he tried this case.

In acting in excess of his designated authority, Magistrate Black was without jurisdiction to try this case, and any purported judgment entered by Magistrate Black is void and of no effect.[8] Respondents contend that appellants consented to the jurisdiction of Magistrate Black, or alternatively, that appellants are now estopped

(b) criminal proceedings in which the maximum authorized punishment exceeds the punishment authorized for misdemeanors;

(c) all proceedings involving the custody of minors and all habeas corpus proceedings;

(d) proceedings for divorce, separate maintenance or annulment; and

(e) proceedings in quo warranto, or for injunction, prohibition, mandamus, ne exeat, or appointment of a receiver."

6. Former Rule 24, Rules of the Court for Magistrates Division of the District Court and District Court [Repealed and replaced by I.R.C.P. 82(c)(1), effective January 1, 1975.], provides:

"*Jurisdiction.*—(a) The matters designated in Idaho Code Section 1–2208, any proceedings under Title 66, Chapter 3, Idaho Code, relating to hospitalization of the mentally ill, preliminary proceedings under the Child Protective Act, Title 16, Chapter 16, Idaho Code (in Section 16–1628 through 16–1634), preliminary proceedings under the Youth Rehabilitation Act, Title 16, Chapter 18, Idaho Code (in Sections 16–1807 through 16–1812), and preliminary proceedings under the Termination of Parent-Child Relationship Act, Title 16, Chapter 20, (in Idaho Code Sections 16–2007 and 16–2008), may be assigned to the Magistrate's Division of the District Court to be heard by all magistrates on such terms and conditions and as designated by the senior district judge or acting senior district judge in the district.

(b) Those non-lawyer magistrates who have been certified by the Supreme Court as having had adequate training and experience may be assigned to all proceedings under the Child Protective Act, Title 16, Chapter 16, Idaho Code, and the Youth Rehabilitation Act, Title 16, Chapter 18, Idaho Code.

(c) The jurisdictional amounts set forth in Idaho Code Section 1–2208 and 1–2210 and the additional jurisdictional amounts designated in Rule 25 shall be exclusive of interest, costs and attorneys fees."

7. Former Rule 25, Rules of the Court for Magistrates Division of the District Court and District Court (Repealed and replaced by I.R.C.P. 82(c)(2), effective January 1, 1975.], provides:

"*Additional jurisdiction—Attorney magistrates.*—Additional jurisdiction when approved by a majority of the district judges in the district may be granted attorney magistrates pursuant to Idaho Code Section 1–2210, as follows:

(a) Civil actions where the amount of damages or value of the property claimed exceeds $1,000 and does not exceed $2,500;

(b) All proceedings involving the custody of minors incidental to divorce proceedings, all adoption proceedings pursuant to Chapter 15, Title 16, Idaho Code, all termination of parent-child relationship pursuant to Chapter 20, Title 16, Idaho Code, and all habeas corpus proceedings;

(c) All proceedings for divorce, separate maintenance or annulment, including orders to show cause, hearings and issuance of restraining orders; and including all proceedings pursuant to the Revised Uniform Reciprocal Enforcement of Support Act and Idaho Code Section 32–710A;

(d) Those lawyer magistrates who have been certified by the Supreme Court as having had adequate training and experience for the trial of a specific criminal proceeding, including a felony proceeding, may be assigned to preside at the trial and related hearings of such specific criminal proceeding.

Such order of the district judges stating the jurisdiction of attorney magistrates shall be posted in a conspicuous place in the clerk's office in each county in the district and published in the Idaho State Bar Desk Book."

8. *See Banbury v. Brailsford*, 66 Idaho 262, 158 P.2d 826 (1945). *Cf. Union Central Life Ins. Co. v. Albrethsen*, 50 Idaho 196, 294 P. 842 (1930).

from denying Black's authority to try the case, and therefore, that the decision and judgment rendered by Magistrate Black is valid. While it is clear that personal jurisdiction may be gained by a court through consent of the parties, neither estoppel nor consent will confer subject matter jurisdiction on a judge to try a case which by statute and court rule is clearly in excess of his authority to adjudicate.[9]

Magistrate Black was not serving in the role of a master as contemplated under Rule 53, I.R.C.P., and therefore the judgment cannot be sustained on that ground. It also appears that Magistrate Black did not act as a district court judge pro tempore, as provided in Article 5, Section 12, of the Idaho Constitution,[10] in trying the instant case. Our constitution specifies that *a case* in the district court may be tried by a judge pro tempore who is: (1) a member of the bar; (2) agreed upon in writing by the parties or their attorneys of record; and (3) is sworn to try *that* case. The appointment of a district judge pro tempore, as contemplated by our state constitution, is to be made on a case by case basis.[11] This clause differs from the part of Section 12 which authorizes the assignment of district judges from other judicial districts, or the assignment of retired district court judges or retired justices of this Court, to hold a district court in any particular district.

Since Magistrate Black was without jurisdiction to try this case and was not a properly constituted district judge pro tempore, the purported judgment is *vacated.*

The case is remanded for trial in the district court.[12]

No costs allowed.

McFADDEN, DONALDSON, SHEPARD and BAKES, JJ., concur.

---

9. *See Banbury v. Brailsford, supra,* n. 8; *Knight v. Younkin,* 61 Idaho 612, 105 P.2d 456 (1940). *Cf. State v. Mowrey,* 91 Idaho 693, 429 P.2d 425 (1967); *Wayne v. Alspach,* 20 Idaho 144, 116 P. 1033 (1911); *Garner v. Garner,* 182 Or. 549, 189 P.2d 397 (1948); *Application of Puget Sound Pilots Association,* 63 Wash.2d 142, 385 P.2d 711 (1963). *But see Dodd v. Dodd,* 347 P.2d 786 (Okl.1959).

10. Art. 5, § 12, Idaho Const.: *"Residence of judges—Holding court out of district—Service by retired justices and judges.—* . . . .

but *a cause in the district court* may be tried by a judge pro tempore, who must be a member of the bar, agreed upon in writing by the parties litigant, or their attorneys of record, and sworn to try *the* cause." Emphasis added.

11. *See National Bank of Washington v. McCrillis,* 15 Wash.2d 345, 130 P.2d 901 (1942). *See generally State v. McGee,* 24 Utah 2d 396, 473 P.2d 388 (1970).

12. *See State v. Mowrey,* 91 Idaho 693, 429 P.2d 425 (1967); I.C. § 13-201; Art. 5, § 9, Idaho Const.