700 P.2d 949

**Elizabeth Mary CARR, Petitioner,**

v.

**MAGISTRATE COURT OF the FIRST JUDICIAL DISTRICT of the State of Idaho, In and For the COUNTY OF KOOTENAI, John Ramstedt, in his official capacity, Respondent.**

No. 15863.

Supreme Court of Idaho.

May 30, 1985.

Sue S. Flammia, of Flammia and Solomon, Scott W. Reed, Coeur d'Alene, for petitioner.

John Ramstedt, pro se.

C.J. Hamilton, of Hamilton & Hamilton, Coeur d'Alene, Idaho, attorney for Terry Carr, real party in interest.

PER CURIAM.

Petitioner requests this Court to issue a writ of mandate compelling a magistrate to resume jurisdiction of a divorce proceeding

in order to hold a hearing on cross-petitions for an accounting.

On December 22, 1981, the presiding magistrate in a divorce proceeding entered a divorce decree dissolving the marriage between Terry and Elizabeth Carr and distributing the property between the parties. The decree provided in part that the Huskey Port Truck Stop was to be managed by the husband until sold, and that the proceeds were to be distributed between the parties. As the truck stop did not sell immediately, in September of 1982, the wife applied for and obtained an order requiring the husband to make an interim payment of one-half of the profits being received by the business. When the truck stop was sold, the parties disagreed as to the proper accounting and distribution of the profits and sale proceeds.

On January 26, 1984, the husband filed a petition in the nature of an accounting contending that the wife owed him $35,000. The wife then filed a petition for accounting requesting certain payments from her husband. A hearing was held on the joint petitions on September 18, 1984, and on December 31, 1984, the magistrate entered a memorandum decision determining that because additional sworn testimony was necessary he would continue the hearing until January 9, 1985. The hearing resumed on January 9, 1985. Late that day the magistrate advised counsel for both parties that he had serious reservations as to whether he had jurisdiction to hear these petitions. On the morning of January 10, 1985, the magistrate *sua sponte* declined to proceed further with the hearings upon the basis that he lacked jurisdiction over the subject matter.

The wife then petitioned this Court for a writ of mandate to compel the magistrate to resume jurisdiction of the divorce proceeding and proceed with the hearing on the petitions for accounting. The Court entered an alternative writ of mandate commanding the magistrate to proceed with the hearing or, alternatively, allowing the magistrate or any other interested party to file an answer showing good cause why the magistrate should not be so commanded. The magistrate and the husband, as a real party in interest, filed answers to the alternative writ. The magistrate explained that in the course of the hearing on the petitions he discovered that the accountings involved funds in excess of $500,000. He believed that he had no jurisdiction in the matter as the amount in controversy exceeded the $10,000 statutory limit and violated a Supreme Court rule. The husband contended that the magistrate, as the presiding judge over the divorce proceeding, had no jurisdiction as the truck stop earnings in controversy accrued after the entry of the divorce decree.

This Court must now decide whether to quash the alternative writ of mandate based upon the showing made by the magistrate and the husband, or to make the alternative writ permanent in order to compel the magistrate to proceed with the hearings. This determination requires a review of the attorney magistrate's jurisdiction.

The genesis of the jurisdiction of attorney magistrates is found in art. V, § 2 of the Idaho Constitution, which recognizes the Supreme Court and the district court as constitutional courts and then grants authority to the legislature to create inferior courts with such jurisdiction as prescribed by the legislature.

**§ 2. Judicial power—Where vested.—** The judicial power of the state shall be vested in a court for the trial of impeachments, a Supreme Court, district courts, and such other courts inferior to the Supreme Court as established by the legislature. The courts shall constitute a unified and integrated judicial system for administration and supervision by the Supreme Court. *The jurisdiction of such inferior courts shall be as prescribed by the legislature.* Until provided by law, no changes shall be made in the jurisdiction or in the manner of the selection of judges of existing inferior courts. (Emphasis added)

Pursuant to this authority the legislature created the magistrate division of the dis-

trict court and specified the cases assignable to the magistrates by I.C. §§ 1–2208 and 1–2210. Cases which are assignable to both attorney and non-attorney magistrates are set forth in I.C. § 1–2208, while I.C. § 1–2210 allows additional categories of cases to be assigned to magistrates with the prohibition that certain cases cannot be assigned to non-attorney magistrates. The net effect of I.C. § 1–2210 is to allow categories of cases to be assigned to attorney magistrates without limit.

These statutes require that all assignments are subject to rules promulgated by the Supreme Court and that the assignments be approved by the administrative district judge, or by his or her designated district judge in each judicial district. Hence, the assignability of cases to magistrates varies from one judicial district to another.

The Court implemented these statutes by the adoption of I.R.C.P. 82(c), regarding the assignability of cases in civil matters, and I.C.R. 2.2, for assignability of criminal cases to magistrates. I.R.C.P. 82(c)(2), regarding the assignment of civil cases to attorney magistrates, states in part:

The jurisdiction of an attorney magistrate is the same as that of a district judge, but the cases assignable to an attorney magistrate shall be those assignable to all magistrates and the following additional cases may be assigned to attorney magistrates when approved by the administrative district judge of a judicial district:

Under Idaho law, any case triable in the district court can potentially be assigned to an attorney magistrate for hearing if approved by rule of the Supreme Court and by the administrative district judge of a judicial district. I.R.C.P. 82(c)(4).

The presiding attorney magistrate in the Carr divorce proceeding clearly had subject matter jurisdiction to conduct the hearing on the cross-petitions for an accounting, but there remains the question of the propriety of the assignment of that case to him.

The assignability of civil cases to magistrates is first tested by the limits of I.R. C.P. 82(c)(2).

**Rule 82(c)(2). Assignment of additional cases to attorney magistrates.—** The jurisdiction of an attorney magistrate is the same as that of a district judge, but the cases assignable to an attorney magistrate shall be those assignable to all magistrates and the following additional cases may be assigned to attorney magistrates when approved by the administrative district judge of a judicial district:

(A) Civil actions regardless of the nature of the action, where the amount of damages or value of the property claimed does not exceed $10,000;

(B) All proceedings involving the custody of minors incidental to divorce proceedings, all adoption proceedings pursuant to chapter 15, title 16, Idaho Code, all termination of parent-child relationship pursuant to chapter 20, title 16, Idaho Code, all paternity proceedings, and all actions for change of name;

(C) All proceedings for divorce, separate maintenance or annulment, including orders to show cause, hearings and issuance of restraining orders; and including all proceedings pursuant to the revised Uniform Reciprocal Enforcement of Support Act and Idaho Code, section 32–710A;

(D) Such order of the district judges stating the jurisdiction of attorney magistrates shall be posted in a conspicuous place in the clerk's office in each county in the district and published in the Idaho State Bar Desk Book;

(E) All habeas corpus proceedings regardless of the nature or origin, including all habeas corpus proceedings involved in a criminal proceeding or conviction.

By order dated June 30, 1981, all of the district judges of the First Judicial District, where the Carr proceeding is pending, have approved the assignment of all of these categories of cases to attorney magistrates.

In *Rudd v. Rudd,* 105 Idaho 112, 666 P.2d 639 (1983), the Court construed the predecessor rule which was nearly identical to Rule 82(c)(2). That appeal involved a divorce case in which, more than four years after the divorce decree, the wife moved to dispose of property not adequately covered by the original decree. The appellant contended that the magistrate was without jurisdiction to hear the motion as the amount in controversy exceeded the dollar limitation then in effect. The Court rejected the contention stating:

> Appellant mistakenly attempts to apply subsection (a) of Rule 25 [the present Rule 82(c)(2)(A)] to the present case, when the proper subsection to apply is subsection (c) [the present Rule 82(c)(2)(C)] of that rule. A lawyer magistrate is given jurisdiction over all proceedings in a divorce action. Since all of the proceedings involved in this case including the property division concerned the divorce action pending between the parties, the magistrate had jurisdiction of this action. *Id.,* at 117, 666 P.2d at 644.

█ In the case at bar, the response of the presiding magistrate to the alternative writ of mandate likewise reflected his understanding that even though he was assigned all divorce proceedings, this particular assignment was improper because the amount in controversy exceeded $10,000. We disagree. If an attorney magistrate is properly assigned a particular proceeding, he or she is necessarily assigned all ancillary proceedings incident to the underlying proceeding regardless of the dollar amount of the controversy involved in the ancillary matters. Obviously many divorce proceedings, including the Carr divorce, involve sums well in excess of $10,000. The assignment of the divorce proceeding to the presiding attorney magistrate carried with it the assignment of all ancillary proceedings to that divorce, including accountings between the parties, arising out of or related to the divorce proceedings. The assignment to the attorney magistrate of the hearing of the cross-petitions for accounting was authorized by the rules.

The *Rudd* Court also noted that an objection to the assignment of a case to a magistrate is waived under I.C. § 1–2214, "unless made before trial or hearing begins." *Id.*

**1–2214. Objections to assignment—Waiver.**—All objections to the propriety of an assignment to a magistrate are waived unless made before the trial or hearing begins. No order or judgment is void or subject to collateral attack merely because rendered pursuant to improper assignment to a magistrate.

*See also* I.R.C.P. 82(c)(3), which reiterates this principle.[1]

█ In the present case, neither party objected to the assignment of the case to the magistrate prior to the beginning of the hearings on January 9, 1985. This failure to object constituted a statutory waiver of any improper assignment to the magistrate.

In *White v. Marty,* 97 Idaho 85, 540 P.2d 270 (1975), this Court held that the judgment of a magistrate in a proceeding in the nature of inverse condemnation was void even though neither party objected to the trial. That opinion preceded the adoption of I.R.C.P. 82(c)(3), and did not discuss the effect of I.C. § 1–2214. To the extent that *White v. Marty, supra,* is inconsistent with this opinion, the same is hereby overruled.

1. At the time of the hearing before the magistrate in this case, I.R.C.P. 82(c)(3) provided:
   **82(c)(3). Objection to assignment to magistrates.**—Any irregularity in the method or scope of assignment of a civil action or proceeding to any magistrate under this rule 82, and sections 1–2208 and 1–2210, Idaho Code, and all objections to the propriety of an assignment to a magistrate are waived unless objection is made before the trial or hearing begins. No order or judgment is void or subject to collateral attack merely because rendered pursuant to an improper assignment to a magistrate.
   This rule was amended by the Court effective July 1, 1985, to expressly require that an objection to the assignment of a case to a magistrate must be in writing and filed with the magistrate court before the hearing or trial begins.

The presiding magistrate of the Carr divorce proceeding therefore had jurisdiction to hear the cross-petitions for an accounting. The assignment of that ancillary hearing to the magistrate, who had presided over the divorce proceedings, was proper under I.R.C.P. 82(c)(2)(C), and the order of the local district judges. Moreover, any objection to the assignment of the hearing to the magistrate was waived under I.C. § 1–2214 and I.R.C.P. 82(c)(3).

The alternative writ of mandate to compel the attorney magistrate to proceed with the hearings on the petitions for accounting is hereby made permanent, but as the presiding magistrate died during this proceeding, the administrative district judge is directed to assign this case to another attorney magistrate to be heard on an expedited basis.