115 P.3d 743

STATE of Idaho, Plaintiff–Appellant,

v.

Jonathan JONES, a former juvenile, Defendant–Respondent.

No. 30734.

Supreme Court of Idaho, Boise, March 2005 Term.

June 17, 2005.

Hon. Lawrence G. Wasden, Attorney General, Boise, for appellant. Kenneth K. Jorgensen argued.

Alan E. Trimming, Ada County Chief Public Defender, Boise, for respondent. Nicholas G. Alexander argued.

TROUT, Justice.

The State of Idaho appeals the district court's decision on appeal vacating the magistrate judge's order that Jonathon M. Jones be transferred from the juvenile sexual offender registry to the adult sexual offender registry.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

As a juvenile, Jones was convicted of lewd and lascivious conduct under I.C. § 18–1508. Pursuant to the provisions of I.C. § 18–8405, Jones was notified at sentencing of his duty to register as a juvenile sex offender and was subsequently registered. Several weeks before Jones turned 21 years of age, the State filed a motion with the magistrate judge requesting Jones be transferred to the adult sex offender registry pursuant to I.C. § 18–8410. A hearing was held on the motion after Jones had turned 21. The record does not reflect that either party objected to the assignment of the magistrate judge to hear and decide the motion. After the hearing, the judge entered the following order:

> IT IS HEREBY ORDERED that Jonathan M. Jones is subject to the adult registration requirements of the Idaho Code § 18–8300 et. seq. This order is made pursuant to the Court's findings that: the defendant turned 21 years of age on May 26, 2002; he pled or was found guilty of a qualifying delinquent act, specifically, Lewd and Lascivious Conduct, I.C. 18–1508; and he currently is likely to pose a threat to the safety of others. Accordingly, the Lewd & Lascivious Conduct charge adjudicated on 9/27/97 against the former juvenile is deemed an adult criminal conviction for the purposes of registration, notification and public information pursuant to the Sexual Offender Registration Act. I.C. §§ 18–8300 et. seq; 18–8410.

Jones appealed the magistrate judge's order to the district court, asserting the magistrate judge lacked jurisdiction to enter an order transferring Jones to the adult registry and arguing that the facts were insufficient to support a finding that Jones was likely to pose a threat to the safety of others, as required by the statute. While the appeal was pending, Jones withdrew the issue that the magistrate judge lacked jurisdiction, the parties waived oral argument and submitted the remaining issue on the briefs. Ruling in its appellate capacity, the district judge entered a memorandum decision vacating the magistrate judge's order on the basis that the magistrate judge had no jurisdiction and declining to rule on the remaining issue. The district judge stated: "[w]here the individual's probation has been terminated, and the individual is not otherwise subject to the jurisdiction of the juvenile court, any proceeding initiated upon or after the individual reaching the age of 21 must be initiated in district court, not juvenile court." The district judge then remanded the case with di-

rections either to transfer the case to district court or dismiss it without prejudice to permit the State to re-file the case in district court. The State appealed.

## II.

## STANDARD OF REVIEW

■ "When reviewing a case decided in the magistrate division that has been appealed to the district court, we review the magistrate's decision independently of, but with due regard for, the district court's intermediate appellate decision." *Idaho Dept. of Health and Welfare v. Hays,* 137 Idaho 233, 236, 46 P.3d 529, 532 (2002) (citation omitted). "The question of a court's jurisdiction is a question of law over which this Court exercises free review." *State v. Kavajecz,* 139 Idaho 482, 483, 80 P.3d 1083, 1084 (2003) (citation omitted). "Determining the meaning of a statute and its application is a matter of law over which this Court exercises free review." *Polk v. Larrabee,* 135 Idaho 303, 308, 17 P.3d 247, 252 (2000) (citation omitted).

## III.

## ANALYSIS

The issue to be resolved in this case is whether a magistrate judge can order a previously registered juvenile sex offender who is over the age of 21 to register as an adult sex offender. The State argues the magistrate judge had jurisdiction to enter the order transferring Jones to the adult registry, while Jones argues the pertinent statute does not include the magistrate's division of the district court. We reach this issue, even though withdrawn by Jones on appeal to the district court, because the case must be remanded for a determination of whether Jones was properly transferred to the adult registry and that necessarily requires us to determine to which court, district court or the magistrate's division, the case should be remanded.

Idaho Code Section 18–8410 states:

When a registered juvenile sex offender reaches twenty-one (21) years of age, the prosecutor may petition the court to trans-

fer the offender to the adult registry, subject to the registration and notification provisions of chapter 83, title 18, Idaho Code. If the court determines at a hearing that the juvenile sex offender is likely to pose a threat to the safety of others, the court shall order that the delinquent act be deemed an adult criminal conviction for the purpose of registration, notification, and public information access pursuant to chapter 83, title 18, Idaho Code. If no petition is filed, or if the court determines the juvenile is not likely to pose a threat to the safety of others, the juvenile shall be deleted from the registry.

The question is whether the legislature intended to include both the district court and the magistrate's division of that court when it used the term "the court."

■ Magistrate court jurisdiction is established under the Idaho Constitution, by legislation, by rule of the Idaho Supreme Court and by the rules of the respective district courts. *Marks v. Vehlow,* 105 Idaho 560, 564, 671 P.2d 473, 477 (1983). The Idaho Constitution provides that the jurisdiction of the magistrate courts "shall be as prescribed by the legislature." IDAHO CONST. art. V, § 2; *see also Hanson v. State,* 121 Idaho 507, 510, 826 P.2d 468, 471 (1992). The legislature established the magistrate division of the district court by enacting Chapter 22 of Title 1 of the Idaho Code. Idaho Code Section 1–2208 provides in part:

Subject to rules promulgated by the supreme court, the administrative judge in each judicial district or any district judge in the district designated by him may assign to magistrates, severally, or by designation of office, or by class or category of cases, or in specific instances the following matters:

. . .

(4) Any juvenile proceedings except those within the scope of the provisions of section 1–2210, Idaho Code.

■ Further, I.C. § 1–2214 provides that all objections to the propriety of an assignment to a magistrate judge are waived unless made before the trial or hearing begins. Be-

cause the issue of a court's jurisdiction can never be waived, the legislature has indicated through this statute that magistrate judges have general jurisdiction and the authority for a magistrate judge to hear a case or type of case is purely dependent upon assignment, not jurisdiction. Rule 82(c)(2) of the Idaho Rules of Civil Procedure is in accord and provides that "[t]he jurisdiction of an attorney magistrate is the same as that of a district judge...." In addition, Rule 82(c)(3) provides that:

> Any irregularity in the method or scope of assignment of a civil action or proceeding to any magistrate under this rule 82, and sections 1–2208 and 1–2210, Idaho Code, and all objections to the propriety of an assignment to a magistrate are waived unless a written objection is filed before the trial or hearing begins. No order or judgment is void or subject to collateral attck [attack] merely because rendered pursuant to an improper assignment to a magistrate.

Therefore, the question of whether the magistrate judge could order Jones to be subject to the provisions of the adult sexual offender registration act is not a matter of jurisdiction, but one of assignment, and can be waived if not timely raised.

■ Magistrate judges have clearly been assigned juvenile proceedings. *See* I.C. §§ 1–2208(4), 20–502(4), 20–505; I.J.R. 1–2. Idaho Code Section 18–8410 is part of the Juvenile Offender Registration Act and is within the scope of juvenile proceedings included in I.C. § 1–2208. Idaho Code Section 18–8405 states that "the court" shall provide notification of the duty to register with the juvenile sex offender registry at the time of sentencing. Because a juvenile sex offender may be sentenced by either a district judge or magistrate judge, the statute clearly contemplates that "the court" includes both. There is no reason to believe the legislature intended to include only district judges when it used the term "the court" a few sections later in the same Act in the provisions related to transferring the juvenile to the adult registry at age 21. I.C. § 18–8410. Thus, these transfer proceedings have been assigned to magistrate judges as well as district judges.

Because objections to a magistrate judge's assignment are waived unless timely raised, and because the record does not reflect any objection raised in this case until the issue of the magistrate judge's authority was raised on appeal, the issue has not been preserved.

## IV.

## CONCLUSION

The magistrate judge had the authority to consider the motion to transfer Jones to the adult sex offender registry under I.C. § 18–8410, as no objection was raised. Because the remaining issue, whether the magistrate judge correctly determined that Jones is likely to pose a threat to the safety of others, has not been decided on appeal by the district judge, this matter is remanded to the district court to consider that issue on appeal.

Chief Justice SCHROEDER and Justices EISMANN, BURDICK and JONES concur.