# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 48981

| | | |
|---|---|---|
| CHRISTINE R. O'HOLLERAN, | ) | |
| | ) | |
| Petitioner-Counterdefendant-Respondent, | ) | Idaho Falls, August, 2022 Term |
| | ) | |
| v. | ) | Opinion filed: February 28, 2023 |
| | ) | |
| THOMAS P. O'HOLLERAN, | ) | Melanie Gagnepain, Clerk |
| | ) | |
| Respondent-Counterclaimant-Appellant. | ) | |

Appeal from the District Court of the Seventh Judicial District of the State of Idaho, Bingham County. Darren B. Simpson, District Judge. Scott H. Hansen, Magistrate Judge.

The decision of the district court is reversed and remanded.

Whittington Law Office, Idaho Falls, for Appellant. Kent E. Whittington argued.

Blaser, Oleson & Lloyd, Chtd., Blackfoot, for Respondent. Jeromy W. Pharis argued.

_____

ZAHN, Justice.

This case concerns whether a magistrate court has authority to decide a tort claim by one spouse against another as an ancillary matter to a divorce proceeding. For the reasons stated below, we hold it does not.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Christine and Thomas married in 2005. They had no children during the marriage. On January 12, 2015, Christine filed for divorce and in her complaint alleged "[t]hat [Thomas] is guilty of physical and mental abuse toward [Christine], and such is sufficient that this marriage should be terminated at the fault of [Thomas]." In his response and counterclaim, Thomas requested a divorce on the grounds of habitual intemperance, extreme cruelty, and irreconcilable differences. Christine subsequently filed a motion to amend her divorce complaint to add a tort claim for emotional and physical abuse and requested damages in excess of $10,000. In his answer to Christine's amended complaint, Thomas asserted an affirmative defense arguing that the

1

magistrate court lacked jurisdiction to hear Christine's tort claim. The magistrate court granted Christine's motion to amend her complaint.

The magistrate court held a bench trial on the claims asserted in the Amended Complaint. Relevant to this appeal, Christine testified at trial and requested $20,000 in damages for emotional trauma, physical abuse, and stress she said she suffered due to Thomas's actions during the marriage. The magistrate court later issued a written decision granting the divorce upon the grounds of irreconcilable differences, dividing the parties' real and personal property, and awarding Christine spousal maintenance. The decision did not address Christine's tort claim.

Thomas and Christine both filed motions to reconsider, but neither mentioned the magistrate court's lack of findings and conclusions regarding Christine's tort claim. Similarly, the magistrate court did not address Christine's tort claim in its order denying reconsideration.

Both Thomas and Christine appealed the magistrate court's decision to the district court. Relevant to this appeal, Christine argued the magistrate court erred by failing to address her tort claim in its written decision. On this issue, the district court determined that the magistrate court erred in failing to render a decision on Christine's tort claim and remanded the matter for the magistrate court to make findings of fact and conclusions of law on the claim.

On remand, the magistrate court found, based on Christine's testimony, that Thomas physically battered, intimidated, and harassed Christine during the marriage. After considering the evidence and testimony, the magistrate court awarded Christine $20,000 in damages. The magistrate court subsequently entered an amended divorce decree that incorporated both its prior rulings and the damages awarded to Christine on the tort claim.

Thomas appealed the damage award to the district court. Thomas argued that the magistrate court did not have jurisdiction to decide Christine's damages claim, Christine's amended complaint failed to provide sufficient notice of a tort claim against him, and the magistrate court's award was not supported by substantial and competent evidence. The district court affirmed the magistrate court and determined that the magistrate court's jurisdiction over the parties' divorce extended to Christine's tort claim because her claim concerned events that occurred during the marriage. Next, the district court determined that Christine's amended complaint placed Thomas on notice of a tort claim against him. Finally, the district court found the magistrate court's damage award was supported by substantial and competent evidence. Thomas filed a motion to reconsider which the district court denied. Thomas timely appealed to this Court.

## II. ISSUES ON APPEAL

1. Whether the district court erred when it determined that the magistrate court had authority to decide Christine's tort damages claim?

2. Whether either party is entitled to attorney fees and costs?

## III. STANDARD OF REVIEW

"When an appeal is initially taken to the district court from a decision by a magistrate, any subsequent review will be conducted independent of, but with due regard for, the decision of the district court." *Kelly v. Kelly*, 171 Idaho 27, 518 P.3d 326, 333 (2022) (quoting *Pratt v. State Tax Comm'n*, 128 Idaho 883, 884, 920 P.2d 400, 401 (1996)). This Court is "procedurally bound to affirm or reverse the decisions of the district court." *Bailey v. Bailey*, 153 Idaho 526, 529, 284 P.3d 970, 973 (2012) (quoting *State v. Korn*, 148 Idaho 413, 415 n.1, 224 P.3d 480, 482 n.1 (2009)). When a district court decides an issue in its appellate capacity, this Court reviews the magistrate court's record "to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings." *Pelayo v. Pelayo*, 154 Idaho 855, 858, 303 P.3d 214, 217 (2013) (citation omitted). This Court affirms the district court's decision as a matter of procedure if "those findings are so supported and the conclusions follow therefrom and if the district court affirmed the magistrate's decision[.]" *Id.* This Court exercises "free review over questions regarding the application of procedural rules." *Bailey*, 153 Idaho at 529, 284 P.3d at 973 (citing *Zenner v. Holcomb*, 147 Idaho 444, 450, 210 P.3d 552, 558 (2009)).

## IV. ANALYSIS

### A. The district court erred when it determined that the magistrate court had authority to decide Christine's tort claim.

Thomas first argues that the magistrate court did not have jurisdiction to decide Christine's tort claim under Idaho Code section 1-2208 and that Christine's claim should have been transferred to the district court. Christine responds that the magistrate court was properly assigned the case pursuant to the Seventh Judicial District rules.

In its decision on intermediate appeal, the district court relied on *Carr v. Magistrate Court of First Judicial District In & For Kootenai County*, 108 Idaho 546, 700 P.2d 949 (1985), and *Nash v. Overholser*, 114 Idaho 461, 757 P.2d 1180 (1988), for its conclusion that the magistrate court had jurisdiction to "hear all matters involving the O'Hollerans' divorce, regardless of dollar amount."

3

As a preliminary matter we must address Thomas's attorney's and the district court's discussion regarding whether the magistrate court had "jurisdiction" to consider the tort claim. Both Thomas's attorney and the district court misuse the word jurisdiction. This is because whether the magistrate court had the lawful authority to decide Christine's tort claim is not a matter of jurisdiction, but instead, as we explain below, is a matter of assignment. *See State v. Jones*, 141 Idaho 652, 655, 115 P.3d 743, 746 (2005). ("[T]he authority for a magistrate judge to hear a case or type of case is purely dependent upon assignment, not jurisdiction.").

Idaho's magistrate judges are judicial officers of the district court whose jurisdiction is established both by the Idaho Constitution and by legislation. *See* Idaho Const. art. V, § 2. *See also* Idaho Code §§ 1-2201, 1-2208, 1-2210. Article V, section 2 of Idaho's Constitution provides for "such other courts inferior to the Supreme Court as established by the legislature[,]" and that "[t]he jurisdiction of such inferior courts shall be as prescribed by the legislature." In 1969, the Idaho Legislature enacted Idaho Code section 1-2201, which established a magistrate division of the district court. As a division of the district court, the magistrate courts share the same jurisdiction of the district court, which includes original jurisdiction in all cases, both at law and in equity. Idaho Const. art. V, § 20. The "jurisdiction" of the district courts and the magistrate courts is therefore coextensive.

"The district court's original jurisdiction over marriage dissolution is extended to the magistrate division." *Smith v. Smith*, 167 Idaho 568, 577, 473 P.3d 837, 846 (2020) (citing *Baird-Sallaz v. Sallaz*, 157 Idaho 342, 346, 336 P.3d 275, 279 (2014). While the Legislature did not limit the jurisdiction of magistrate courts, it did limit the types of cases that could be assigned to magistrate courts. *See* Idaho Code §§ 1-2208, 1-2210. Idaho Code section 1-2208 provides:

> Subject to rules promulgated by the supreme court, the administrative judge in each judicial district or any district judge in the district designated by him may assign to magistrates, severally, or by designation of office, or by class or category of cases, or in specific instances the following matters:
>
> (1) Civil proceedings as follows:
>
> > (a) When the amount of money or damages or the value of personal property claimed does not exceed five thousand dollars ($5,000):
> >
> > > (i) Actions for. . .damages for injury to person. . . .

Additionally, Idaho Code section 1-2210 grants this Court the authority to "specify additional categories of matters assignable to [attorney] magistrates," including "[p]roceedings for

4

divorce[.]" Idaho Code § 1-2210(1)(d). "The net effect of I.C. § 1-2210 is to allow categories of cases to be assigned to attorney magistrates without limit." *Carr*, 108 Idaho at 548, 700 P.2d at 951. Therefore, "the authority for a magistrate judge to hear a case or type of case is purely dependent upon assignment, not jurisdiction." *Jones*, 141 Idaho at 655, 115 P.3d at 746.

"[T]he administrative judge in each judicial district or any district judge in the district designated by him" may assign cases to magistrates, "[s]ubject to rules promulgated by the supreme court" Idaho Code § 1-2208. Pursuant to Idaho Code sections 1-2208 and 1-2210, this Court adopted Idaho Court Administrative Rule ("I.C.A.R.") 5, which recognized the coextensive jurisdiction of magistrate and district courts and identified those civil cases that would be assigned to magistrate courts. Relevant to this appeal, I.C.A.R. 5 provides:

> (a) Jurisdiction; Assignment by Order. Jurisdiction of magistrates is the same as that of district judges but assignment of cases to magistrates must be approved by order of a majority of the district judges in the district. The order of the district judges stating the assignment of cases to magistrates must be posted in a conspicuous place in the clerk's office in each county in the district and published in the Idaho State Bar Desk Book.

> (b) Assignment Pursuant (sic) to Idaho Code Section 1-2208. Assignment of cases to magistrates may be granted pursuant to Idaho Code Section 1-2208, as follows:

> > 1. All of the matters and actions designated in Idaho Code Section 1-2208[.]

> . . .

> (c) Assignment Pursuant to Idaho Code Section 1-2210. Additional cases may be assigned to magistrates pursuant to Idaho Code Section 1-2210 when approved by the administrative district judge of a judicial district. The additional cases assigned to magistrates may include:

> > 1. Civil actions regardless of the nature of the action, where the amount of damages or value of the property claimed does not exceed $10,000;

> > . . .

> > 3. All proceedings for divorce, separate maintenance or annulment. . . .

At the time Christine filed her divorce petition and later her amended divorce petition, the Seventh Judicial District's order regarding its local rules allowed for the assignment of those cases identified in I.C.A.R. 5(c) to attorney magistrates.

Turning to the facts of this case, Christine sought civil damages exceeding $10,000. However, I.C.A.R. 5(c)(1) only permits the assignment of civil cases to magistrate courts when the amount in controversy does not exceed $10,000. As a result, the Seventh Judicial District's order did not grant the magistrate court the authority to decide Christine's tort claim. However,

5

this Court has explained that "[i]f an attorney magistrate is properly assigned a particular proceeding, he or she is necessarily assigned all ancillary proceedings incident to the underlying proceeding regardless of the dollar amount of the controversy involved in the ancillary matters." *Carr*, 108 Idaho at 549, 700 P.2d at 952. The district court relied on this rule from *Carr* when it permitted the magistrate court to consider Christine's tort claim because it was ancillary to the divorce proceeding.

In *Carr*, the parties to a divorce proceeding filed cross-petitions for an accounting of a marital business. *Id.* at 547, 700 P.2d at 950. The magistrate court *sua sponte* declined to decide the cross petitions on the basis that it lacked jurisdiction. *Id.* On appeal, this Court construed I.R.C.P. 82, which was the predecessor rule to I.C.A.R. 5 and contained substantially the same language, and determined that the magistrate court presiding over the Carr divorce had jurisdiction to hear the parties' cross-petitions for an accounting, even though the amount in controversy exceeded $10,000. *Id.* at 550, 700 P.2d at 953. This Court explained that because the subsequent cross-petitions for an accounting were ancillary matters to the divorce, the assignment of the matter to the magistrate court was proper. *Id.* Although the *Carr* Court used the word "jurisdiction," it was actually referring to the authority of the magistrate court to decide the claim for an accounting. We conclude the word "jurisdiction" was used in error, but the legal holding is sound as it applies to the magistrate court's authority to decide claims ancillary to a divorce proceeding.

We conclude that the district court erred in relying on *Carr* because Christine's tort claim was not ancillary to her divorce proceeding. Christine filed for divorce pursuant to title 32, chapter 7, Idaho Code, which is titled "Divorce Actions" and includes provisions governing divorce, spousal maintenance, child custody, child support, and community property disposition *See* Idaho Code §§ 32-701 to 32-720. Black's Law Dictionary defines an ancillary proceeding as "[a]n action, either at law or in equity, that grows out of and is auxiliary to another suit and is filed to aid the primary suit, to enforce a prior judgment, or to impeach a prior decree." *Ancillary Suit* (also termed ancillary proceeding), Black's Law Dictionary (11th ed. 2019). Tort claims are not ancillary to divorce proceedings because tort claims are not necessary to aid, decide, or enforce the divorce or any divorce-related matters such as spousal maintenance, child custody, child support, or community property disposition. Christine has not argued that the determination of her tort claim played any part in the magistrate court's decisions on the divorce-related matters pleaded in her amended complaint. In contrast, the accounting claim in *Carr* concerned the valuation of a marital

6

asset, which was a subject of the divorce proceeding. *Carr*, 108 Idaho at 547, 700 P.2d at 950. This case is therefore distinguishable from *Carr* because Christine's tort claim was not ancillary to her divorce claims.

The district court also erred when it relied on *Nash v. Overholser*, 114 Idaho 461, 757 P.2d 1180 (1988). In *Nash*, the plaintiff filed a complaint against her former husband alleging several counts of assault and battery. *Nash*, 114 Idaho at 461, 757 P.2d at 1180. The former husband argued the tort claim "was barred due to the *res judicata* effect of the decree of divorce entered between them." *Id.* This Court held that the divorce judgment between the parties did not bar the wife's later tort action under the doctrine of *res judicata*. *Id.* at 463, 757 P.2d at 1182. In reaching its decision, the district court relied on this Court's statement that "Nash's allegations could have been litigated during the divorce proceedings." *Id.* at 462, 757 P.2d at 1181. Although *Nash* was decided three years after *Carr*, this Court failed to analyze whether the tort claims were ancillary to the divorce claims. For the reason we explained above, we conclude the tort claims in *Nash* would not have been ancillary to the divorce action. For that reason, we conclude this Court's statement in *Nash* is erroneous and the case is overruled to the extent that it suggests that tort claims can be joined with divorce actions.

Therefore, we conclude that while the magistrate court had jurisdiction to consider Christine's tort claim, it did not have the authority to do so. Sections 1-2208 and 1-2210 and I.C.A.R. 5 limit the case types that can be assigned to magistrate courts to those specified in the Seventh Judicial District's order on local rules. That order did not give the magistrate court authority to decide civil cases seeking damages in excess of $10,000. Nor was the tort claim an ancillary matter to the divorce proceeding. Accordingly, the district court erred when it determined the magistrate court had authority to decide Christine's tort claim.

Our conclusion is further supported by the Idaho Rules of Family Law Procedure ("I.R.F.L.P."). I.R.F.L.P. 102 provides, "[t]he Idaho Rules of Civil Procedure (I.R.C.P.) apply only when incorporated by reference in these rules." Relevant here, I.R.C.P. 18(a) discusses joinder of claims and provides, "[a] party asserting a claim, counterclaim, cross-claim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." However, the I.R.F.L.P. do not incorporate I.R.C.P. 18. Therefore, the I.R.F.L.P. specifically preclude the joinder of other, non-divorce claims in a divorce action.

7

There are good policy reasons for this limitation because "divorce is an action in equity" and there is no right to a jury trial in divorce actions. *Rudd v. Rudd*, 105 Idaho 112, 116, 666 P.2d 639, 643 (1983). In the same vein, personal injury claims involve questions of law, and because of that, the litigants are entitled to a jury trial unless one is waived. If parties were permitted to join their divorce action with other civil claims, which are normally tried to a jury, our magistrate courts would be forced to either bifurcate the claims or have a jury trial where the jury would sit through a divorce trial potentially involving property disputes and child custody issues that are not for the jury to decide. There are valid policy reasons for limiting divorce proceedings to those matters that must be decided to finalize a divorce and to those which are truly ancillary to divorce-related matters.

"It is generally recognized that the constitutional right to a jury trial applies only to legal claims and not equitable claims." *Ada Cty. Highway Dist. v. Total Success Invs., LLC*, 145 Idaho 360, 369, 179 P.3d 323, 332 (2008). For this reason, other jurisdictions have similarly concluded that "marital tort actions may not be joined into a divorce action" because "a civil action in tort is fundamentally different from a divorce proceeding, and that the respective issues involved are entirely distinct." *Ward v. Ward*, 583 A.2d 577, 580–81 (Vt. 1990) (quoting *Aubert v. Aubert*, 529 A.2d 909, 911 (N.H. 1987)). *See also Osborne v. Osborne*, 216 So. 3d 1237, 1246 (Ala. Civ. App. 2016) ("[A] divorcing spouse should not be required to include tort claims in a divorce action, because to do so would deprive each party of his or her right to have a tort action tried before a jury."); *Noble v. Noble*, 761 P.2d 1369, 1371 (Utah 1988) (holding "[t]ort claims, which are legal in nature, should be kept separate from divorce actions, which are equitable in nature."); *Walther v. Walther*, 709 P.2d 387, 388 (Utah 1985) (quoting *Lord v. Shaw*, 665 P.2d 1288, 1291 (Utah 1983)) ("[A]ctionable torts between married persons should not be litigated in a divorce proceeding [due in part because] . . . [a] divorce action is highly equitable in nature, whereas the trial of a tort claim is at law and may well involve . . . a request for trial by jury.").

We therefore reverse the district court's decision because the magistrate court did not have authority to consider Christine's tort claim. As a result, this matter is remanded to the district court with instructions to vacate the judgment and remand the case to the magistrate court for further proceedings consistent with this opinion. Given the dispositive nature of our decision, we do not address Thomas's remaining arguments on appeal.

**B. Thomas is not entitled to attorney fees and costs.**

Thomas requests attorney fees pursuant to Idaho Code sections 12-120 and 12-121, and I.R.C.P. 54(d) and 83(q). Thomas's brief on appeal, however, failed to support his request with argument or case law and is, therefore, not entitled to an award of fees. *See Peterson v. Peterson*, 153 Idaho 318, 325, 281 P.3d 1096, 1103 (2012).

## V. CONCLUSION

For the foregoing reasons, we reverse the district court's decision affirming the magistrate court's award of damages based on Christine's tort claim.

Chief Justice BEVAN, Justices BRODY, STEGNER, and MOELLER CONCUR.